288 Pa. Superior Ct. 284 (1981)
431 A.2d 1049
In re A.E.M., J.J.M., S.L.M., Minors.
Appeal of B.M.
Superior Court of Pennsylvania.
Argued May 11, 1981.
Filed June 26, 1981.
*285 William K. Sayer, Stroudsburg, for appellant.
Michael R. Muth, Stroudsburg, for appellees.
Richard E. Deetz, Stroudsburg, submitted a brief on behalf of Children's Bureau, participating party.
John B. Dunn, Stroudsburg, for William M., participating party.
Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.
HOFFMAN, Judge:
Appellant contends that the lower court erred in awarding custody of three of her children to the Children's Bureau of Monroe County because the Children's Bureau failed to establish that the children were "dependent" as defined by the Juvenile Act.[1] For the reasons which follow, we vacate the order of the court below and remand for further proceedings.
On August 11, 1980, the Children's Bureau filed a petition pursuant to the Juvenile Act in which it alleged that A.E.M., J.J.M., and S.L.M., then ages 12, 11, and 9 respectively, were dependent children because their natural parents, appellant and her husband, were "unable to provide the care and *286 control for the aforesaid children necessary for their physical, mental and emotional health." At that time, the children were residing with their father in East Stroudsburg, Pennsylvania, and appellant was residing with a fourth child in Fayetteville, North Carolina. The petition averred that: the residence in which the children were living was overcrowded and lacked running water and adequate sewage facilities; the father left the children in the supervision of an unsuitable person and had previously left them completely unsupervised while he was at work; the children had previously lived with their father in a different residence under similar conditions; and during the previous winter the father had not adequately clothed the children. On August 26, 1980, the Children's Bureau filed a petition seeking temporary protective custody of the children on the ground that their living conditions had deteriorated. The lower court granted the petition and held a hearing on August 29 at which the father agreed that the Children's Bureau should retain custody of the children until the hearing on the dependency petition, which had been scheduled for September 10. At the September 10 hearing, appellant's attorney informed the court that appellant opposed the Children's Bureau's dependency petition and that she wanted to obtain custody of the three children. Without taking any testimony, the court continued the hearing and directed the Children's Bureau "to make an investigation of any proposed home that [appellant] wishes to advise them of through the local agency in North Carolina."[2]
On November 13, 1980, the lower court held a hearing at which appellant was the only witness. She testified that her husband left North Carolina with the three children in November of 1977. She subsequently learned that they were living in the Stroudsburg area. She did not see the children again until the September 10 hearing because she could not afford to come to Pennsylvania. She did, however, *287 send many letters to the children. Appellant testified that she is unemployed and that welfare benefits and food stamps are her sole means of support.[3] She stated that she and her remaining child were then living in a two-bedroom house, but that she would rent a larger house if the other three children were returned to her. Appellant acknowledged that before her husband left with the children, their house was filthy because she had done no housekeeping. She testified, however, that her housekeeping has since greatly improved.
The father did not oppose the dependency petition and was willing to have the children continue in the custody of the Children's Bureau. The attorney who had been representing the children throughout these proceedings did not express an opinion as to whether the dependency petition should be granted. At the conclusion of the hearing, the lower court entered the following order:
[T]he Court finds that in their present position neither parent has provided a proper home for the best interests of the children. The Court further finds that as of this time no improvement has been made, or such small amount of improvement has been made by either the mother or the father that the best interests of the children still remains that they be committed to the Children's Bureau of Monroe County . . . .
This appeal followed.
The Juvenile Act defines a "dependent child," in pertinent part, as a child who "is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals . . . ." 42 Pa.C.S.A. § 6302. "Before interfering with a parent's care or control of a child and ordering the intervention of an agency of the state, a court must first determine that the child is dependent." In *288 the Interest of Theresa E., 287 Pa.Super. 162, 172, 429 A.2d 1150, 1155 (1981). See 42 Pa.C.S.A. § 6341(a). "[T]he fact of dependency must be proved by evidence that is `clear and convincing.'" In the Interest of Theresa E., supra, 287 Pa.Super. at 172, 429 A.2d at 1155. See 42 Pa.C.S.A. § 6341(c). "[I]n determining whether a child is dependent, the hearing judge should not ask what are the child's `best interests' but whether the child is presently without proper parental care and, if so, whether such care is immediately available." In the Interest of Pernishek, 268 Pa.Super. 447, 458, 408 A.2d 872, 877-78 (1979) (citing In the Interest of LaRue, 244 Pa.Super. 218, 366 A.2d 1271 (1976)). Accord, In the Interest of Theresa E., supra; In the Interest of Black, 273 Pa.Super. 536, 417 A.2d 1178 (1980). A child who has been adjudicated dependent may not be separated from his parents unless such separation is clearly necessary. 42 Pa.C. S.A. § 6301(b)(3); In the Interest of Theresa E., supra; In re Donna W., 284 Pa.Super. 338, 425 A.2d 1132 (1981) (collecting cases). "To ensure a proper resolution of these issues, separate counsel should represent the child at the dependency hearing, and the hearing judge should conduct a comprehensive inquiry by receiving evidence from both interested and disinterested witnesses and should support his decision in an opinion in which he discusses and analyzes the evidence fully." In the Interest of Pernishek, supra, 268 Pa.Super. at 457, 408 A.2d at 877. Accord, In the Interest of Theresa E., supra; In the Interest of S.M.S., 284 Pa.Super. 9, 424 A.2d 1365 (1981).
In the instant case, the lower court did not make a finding that the children were dependent. Because such a finding is a prerequisite to the making of a disposition pursuant to the Juvenile Act, the lower court's order awarding custody of the children to the Children's Bureau cannot be sustained. Additionally, the existing record is inadequate to enable the court to decide the issue of dependency. Although it appears that the children were without proper parental care at the time they were removed from their *289 father's custody, they cannot be adjudicated dependent unless there is clear and convincing evidence that such care is not immediately available. In the Interest of Pernishek, supra. To make that adjudication, the court must determine whether appellant is presently capable of rendering proper care to the children, a determination which cannot be made on the present record. There is virtually no evidence regarding appellant's proposed home for the children in North Carolina. Although the lower court directed the Children's Bureau to investigate appellant's home, the record does not indicate that such an investigation was made, and no evidence on the subject was adduced at the dependency hearing. Accordingly, on remand the lower court should obtain and consider the results of such an investigation before making its adjudication. Additionally, the court should consider obtaining disinterested testimony from neighbors, social workers, and/or psychological experts before making its adjudication. See In re Jackson, 267 Pa.Super. 428, 432, 406 A.2d 1116, 1118 (1979) ("[W]hen the hearing judge believes the evidence offered at a dependency hearing to be incomplete he not only may but `should receive, and if necessary should seek out, evidence from objective, disinterested witnesses.'") (quoting In the Interest of LaRue, 244 Pa.Super. 218, 229, 366 A.2d 1271, 1276 (1976)).[4]
Because of the errors described above, we must vacate the lower court's order and remand the case for a new hearing in accordance with this opinion. After the hearing, the lower court shall enter an appropriate order and prepare an opinion with specific findings of fact on all the evidence. Any party aggrieved by the court's ultimate decision may file a new appeal.
Order vacated and case remanded for further proceedings consistent with this opinion.
NOTES
[1] Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended; 42 Pa.C.S.A. § 6301 et seq.
[2] Appellant subsequently filed an answer to the dependency petition in which she admitted the allegations regarding the children's father but denied that she was unable to provide the children proper care and control.
[3] Appellant stated that after her husband left with the children, she returned to school and obtained a high school diploma in November of 1978. Her efforts to secure employment since then have been unsuccessful.
[4] We note also that the lower court failed to "support [its] decision in an opinion in which [it] discusses and analyzes the evidence fully." In the Interest of Pernishek, supra, 268 Pa.Super. at 457, 408 A.2d at 877.