448 A.2d 1087

**In The Matter of Janice JACKSON, A Minor.**

**Appeal of Patricia JACKSON.**

Superior Court of Pennsylvania.

Submitted March 23, 1981.

Filed July 23, 1982.

Patricia Jackson, appellant, in pro. per.

Spero T. Lappas, Harrisburg, for appellee.

Before PRICE, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Patricia Jackson, the appellant, contends that the trial court erred when it adjudicated her daughter, Janice, a dependent child and placed her in the care of a paternal aunt and uncle. We are constrained to agree that the adjudication of dependency is not supported by the record. Therefore, we vacate such adjudication.

The procedural history of this case is complex. Janice Jackson, born September 28, 1971, is the child of the appellant and William Crystal. The parents were not and never have been married. Appellant has two other daughters, whose custody is not in issue in these proceedings. On February 4, 1978, Crystal, the child's father, filed a petition for habeas corpus seeking to remove Janice from appellant's custody and place her with Crystal's sister, Mrs. Arlene Richardson. After hearing, the court awarded custody of the child to Mrs. Richardson, but granted appellant rights of visitation. During one of those visits, on April 29, 1978, Janice complained that her uncle, Robert Richardson, had beaten her, and appellant took the child to the Harrisburg Hospital. An emergency room physician called Child Line which, in turn, contacted Dauphin County Social Services for Children and Youth (hereinafter "the agency"). Following an investigation, the agency filed a petition on May 1, 1978, alleging that Janice Jackson was dependent under the provisions of the Juvenile Act.[1] Janice was taken into custody by the agency and placed in a foster home. After a preliminary hearing before a Juvenile Master, she was continued in foster placement.

At the dependency hearing on August 14, 1978, appellant, the child, and the agency were all represented by counsel.

1. These proceedings were commenced pursuant to the Juvenile Act of December 6, 1972, P.L. 1464, No. 333, as amended, 11 P.S. § 50–101 et seq. That act has been repealed and codified at 42 Pa.C.S. § 6301 et seq., effective June 27, 1978.

The trial court directed that the custody dispute be consolidated with the dependency hearing; and, therefore, an attorney also appeared on behalf of William Crystal and the Richardsons. The agency presented only one witness, a caseworker, who testified in support of the dependency petition. The Richardsons also presented testimony and called as a witness another caseworker with some knowledge of the child's history. Appellant and two witnesses on behalf of appellant testified in opposition to the petition. At the conclusion of the hearing, the court (1) found Janice to be a dependent child, and (2) awarded temporary custody to Arlene Richardson, subject to visitation by appellant. Timely appeals from both orders were filed. The appeal from the custody order, filed to No. 185 March Term, 1978, was dismissed per curiam on January 3, 1980, for failure to proceed. Consequently, only the appeal from the adjudication of Janice as a dependent child is presently before us for review.[2]

In order to find a child "dependent" under the Juvenile Act, it must be shown that the child "is without proper parental care or control, subsistence as required by law, or

2. The delay between the notice of appeal and the submission of briefs in this case appears to be due to difficulties encountered between appellant and her counsel. The record discloses that a voluntary discontinuance of appeal was filed on October 15, 1979, but later withdrawn. On May 14, 1980, appellant's counsel petitioned this court to withdraw as counsel. A rule to show cause was issued by this court on May 29, 1980, containing language that counsel would not be permitted to withdraw until the requirements of *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974), had been met. The briefing schedule was thereupon suspended. Appellant's counsel filed a report to the court on June 23, 1980, indicating that appellant had not responded to the rule and that counsel would file a statement meeting the requirements of *Greer*. However, appellant's counsel filed a brief with this court on September 11, 1980, which included an introductory comment that *Greer* was inapplicable because the appeal was neither frivolous nor meritless; that the reason for withdrawal related to counsel's inability to secure cooperation of appellant in pursuing the appeal. On September 19, 1980, counsel was permitted to withdraw. Nevertheless, the case continued on our court's docket, was listed for argument and was submitted for decision.

other care or control necessary for his physical, mental, or emotional health, or morals . . . ." [3]

█ However, the Juvenile Act clearly seeks to preserve family unity "whenever possible." *In re Donna W.*, 284 Pa.Super. 338, 343, 425 A.2d 1132, 1134 (1981); *In Interest of Pernishek*, 268 Pa.Super. 447, 457, 408 A.2d 872, 877 (1979); *In re Jackson*, 267 Pa.Super. 428, 431, 406 A.2d 1116, 1118 (1979); *In re Whittle*, 263 Pa.Super. 312, 316, 397 A.2d 1225, 1226 (1979); *In Interest of LaRue*, 244 Pa.Super. 218, 223, 366 A.2d 1271, 1284 (1976). To achieve that end, our courts require proof of dependency that is clear and convincing. Thus, in *In re A. E. M.*, 288 Pa.Super. 284, 431 A.2d 1049 (1981), this Court said:

"Before interfering with a parent's care or control of a child and ordering the intervention of an agency of the state, a court must first determine that the child is dependent." *In the Interest of Theresa E.*, 287 Pa.Super. 162, 172, 429 A.2d 1150, 1155 (1981). *See* 42 Pa.C.S.A. § 6341(a). "[T]he fact of dependency must be proved by evidence that is 'clear and convincing.'" *In the Interest of Theresa E., supra*, 287 Pa.Superior at 172, 429 A.2d at 1155. *See* 42 Pa.C.S.A. § 6341(c). *"[I]n determining whether a child is dependent, the hearing judge should not ask what are the child's 'best interests' but whether the child is presently without proper parental care and, if so, whether such care is immediately available."* In the Interest of Pernishek, 268 Pa.Super. 447, 458, 408 A.2d 872, 877–78 (1979) (citing *In the Interest of LaRue*, 244 Pa.Super. 218, 366 A.2d 1271 (1976)). *Accord, In the Interest of Theresa E., supra; In the Interest of Black*, 273 Pa.Super. 536, 417 A.2d 1178 (1980). *A child who has been adjudicated dependent may not be separated from his parents unless such separation is clearly necessary.* 42 Pa.C.S.A.

---

**3.** The definition of "dependent child" is identical under both the Juvenile Act, 11 P.S. § 50–102(4) and the codified act, 42 Pa.C.S. § 6302.

§ 6301(b)(3); *In the Interest of Theresa E., supra; In re Donna W.,* 284 Pa.Super. 338, 425 A.2d 1132 (1981) (collecting cases). "To ensure a proper resolution of these issues, separate counsel should represent the child at the dependency hearing, and the hearing judge should conduct a comprehensive inquiry by receiving evidence from both interested and disinterested witnesses and should support his decision in an opinion in which he discusses and analyzes the evidence fully." *In the Interest of Pernishek, supra* [268 Pa.Super.] at 457, 408 ⌐ .2d at 877. *Accord, In the Interest of Theresa E., supra; In the Interest of S. M. S.,* 284 Pa.Super. 9, 424 A.2d 1365 (1981).

*Id.,* 288 Pa.Superior at 288, 431 A.2d at 1051–52 (emphasis added). The standard of "clear and convincing evidence" means "testimony [that] is so clear, direct, weighty, and convincing as to enable the [trier of the facts] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *In re Jackson, supra,* 267 Pa.Super. at 431, 406 A.2d at 1118, quoting *LaRocca Trust,* 411 Pa. 633, 640, 192 A.2d 409, 413 (1963).

█ Our review of the record compels us to conclude that in this case the proof of "dependency" was inadequate. Only one witness appeared for the petitioning agency. That witness, caseworker Carol Cooksey, had not become involved in the case until after the report of possible abuse while the child was in the custody of her paternal aunt and uncle. Her testimony was a superficial recitation of conditions existing at the time of her testimony. She testified that both the Richardson and Jackson homes were clean; that she had been told by Janice's foster mother that the child had "no major problems" while in foster care; and that Janice's visits with appellant went well. She also referred to a psychiatric report which had been prepared by a Dr. Hume, but that report was not introduced, and its contents were not made a part of the record. Ms. Cooksey had no knowledge of Janice's situation while she was residing with her mother; she had made no inquiry regarding appellant's

two other children; she could not testify as to the condition of the father's home; and she was unaware of the length and circumstances of his visits at the Richardson home. Although Janice had been left with a babysitter while the Richardsons worked during the day, the caseworker knew nothing of the babysitter's identity, age, or qualifications, and had not visited or observed conditions at the sitter's home. The caseworker also had no knowledge or records regarding Janice's psychological or emotional state prior to the commencement of the proceedings.

A second caseworker was called by counsel for the child's father. She had assisted in the investigation concerning suspected child abuse by the Richardsons. Her involvement had terminated when Janice was placed in the foster home. She had no knowledge of the relationship between appellant and her daughter or the care which appellant was able to provide.

Both Mr. and Mrs. Richardson testified, denying that any abuse had occurred. Their testimony was that appellant was hostile to them; that Janice was in need of special educational attention when she came to live with them; that they provided her with religious training; that William Crystal was a frequent visitor at their home; that he loved and was attentive to Janice; and that they too loved Janice and wanted her to remain with them.

■ It can be seen from this recitation that, although there was evidence to show the adequacy of the Richardson home, there was almost a total absence of evidence regarding appellant's abilities and/or shortcomings as a parent. Also absent was a professional evaluation of appellant's parenting abilities and the child's prospects if permitted to remain with her natural mother. *See In Interest of H. B.,* 293 Pa.Super. 109, 116, 437 A.2d 1229, 1233 (1981). *Cf. In Interest of S. M. S.,* 284 Pa.Super. 9, 424 A.2d 1365 (1981) (virtually unanimous conclusions of social workers, psychia-

trists, and psychologists constituted clear and convincing evidence of risk of substandard care if child were returned to parents). A finding of dependency is not the same thing as a determination of the best interests of the child; the question is whether the child is *presently* without proper parental care and, if so, whether that care is immediately available. *In re Pernishek, supra,* 268 Pa.Super. at 458, 408 A.2d at 878. Nothing in this record indicates that Janice Jackson, on August 14, 1978, was without proper parental care or that appellant could not provide future care.

The analysis of the evidence made by the trial judge suggests that the adjudication of dependency was based exclusively upon a determination of the best interests of the child. This may have been caused by the consolidation of the dependency and custody proceedings. To prevent this from occurring, the legislature has now provided that "hearings under [Chapter 63, the Juvenile Act] shall be conducted by the court without a jury, in an informal but orderly manner, *and separate from other proceedings not included in section 6303* (relating to scope of chapter)." 42 Pa.C.S. § 6336. Habeas corpus proceedings do not fall within the scope of Chapter 63; they are conducted pursuant to Chapter 65 of the Judicial Code. *See also In re Jackson, supra* 267 Pa.Super. at 432, 406 A.2d at 1118.

Because the evidence does not support the trial court's finding of dependency, we are obliged to reverse. We observe, however, that custody of Janice Jackson has been with Arlene Richardson since April, 1978. We also observe that there is before us no appeal from the order awarding such custody. Therefore, our decision does not affect the custody of the child. We vacate only the finding of dependency.

The order adjudicating the child dependent is vacated.