## Commonwealth v. Yost

*Michael F. Salisbury,* for the Commonwealth.
*Michael K. Hanna,* for defendants.

BROWN, *P.J.,* May 10, 1984 — Both defendants have been charged with the summary offense of unlawful methods of hunting in violation of §704(a) of the Game Laws. Specifically, they are charged with killing an antlered deer by the use of bait (corn and a salt lick). Following a summary hearing before the district justice, defendants were found guilty on February 3, 1984. A summary conviction appeal was duly filed, and at the present time defendants are seeking certain discovery privileges which are being resisted by the Commonwealth.

At defendants' summary hearing before the district justice, the Commonwealth introduced the testimony of John Rathmell a Deputy Game Protector who testified that the deer that had been killed was wounded in such a fashion that it was impossible for the deer to have moved after it was shot. Specifically, it is the court's understanding that the testimony would be that the deer's spinal cord was severed thereby rendering it almost immediately immobile. At the time of the hearing, the deer in question was stored in a walk-in freezer at the Game Commission Office for the Northcentral Division at Antes Fort, Pa., and it is from examining this carcass that Mr. Rathmell had testified.

In their petition defendants contend that Mr. Rathmell's testimony is in the nature of expert opinion evidence. In order to rebut this evidence defendants have engaged Dr. Larry Bason, a veterinarian

whom they wish to have access to the deer carcass so that he can examine it and give an opinion as to whether the animal could have moved after it had been shot.

As an aside, following the defendants' summary hearing, defendants' counsel made known his desire to examine the deer carcass to the Commonwealth's attorney who in turn advised District Game Protector John Hancock, the prosecuting officer in these proceedings of counsel's request. This occurred on or around February 21, 1984 and either that day or the following day Game Protector Hancock went to the Northcentral Division Office and found that someone on the staff had inadvertently disposed of the deer carcass and that all that was then left of it was the hide and the head which is still in the possession of the Game Commission. This mix-up apparently occurred because Hancock's evidence tag had fallen from the deer's carcass and whoever was disposing of the carcasses was unaware that the deer in question was an item of evidence.

Independent of the problem regarding the present existence of the deer carcass, the Commonwealth challenges defendants' right to have discovery privileges as requested in the present proceedings. Defendants concede that there is no rule of criminal procedure which authorizes discovery in a summary proceeding. Nor have defendants been able to come up with any appellate decisions or trial decisions affirming a defendant's right to discovery in a summary proceeding. Pa. R.Crim.P. 305 which deals with pre-trial discovery and inspection is by its terms limited to "court cases" which are defined in Pa. R.Crim.P. 3 as misdemeanors and felonies. This limitation is applicable to both mandatory discovery under Pa. R.Crim.P. 305B(1) as well as to the dis-

cretionary pre-trial discovery in Pa. R.Crim.P. 305B(2). Thus defendants' right to require the Commonwealth to produce for inspection the carcass in question cannot be grounded upon a literal reading of Pa. R.Crim.P. 305.

Defendants have argued that in the interest of justice, the Court should order the production of the carcass so that Defendants can prepare an adequate defense to the Commonwealth's evidence. On the surface, this argument has some appeal when considered in a vacuum outside the presence of Pa. R.Crim.P. 305. However, it is relevant to note that criminal practice unlike civil practice does not have unbridled and unlimited rights to pre-trial discovery. This is a corollary of the fact that a criminal matter must proceed under the constitutional limitation that a defendant cannot be required to testify against himself which by necessity limits any meaningful discovery by the Commonwealth. For this reason, the Pennsylvania Supreme Court has enacted only limited criminal discovery rules.

It is also of some significance to note that the comment to Pa. R.Crim.P. 305 clearly indicates that the rule was intended to apply only to court cases. This attitude rests on the fact that a summary criminal proceeding is a minor proceeding, and while it is important to defendant, its importance in the overall criminal justice system is not on a par with misdemeanor and felony prosecutions. Therefore, such a proceeding does not offer the same array of rights afforded a criminal defendant when he is on trial for a misdemeanor or a felony.

The court also noted that it does not appear that the Commonwealth intended to use the deer carcass as evidence. Its perishable nature after being thawed would seem to dictate against such usage as it would be virtually impossible to preserve it as an

exhibit for use on any appeal. Thus, the court is not faced with a situation where the Commonwealth is resisting the disclosure and inspection of an item of evidence.

In further support of their discovery request, Defendants have argued that once a summary conviction is appealed from the district justice level, its summary nature vanishes, and it assumes an importance which brings into play the provisions of the Pennsylvania Rules of Criminal Procedure. Commonwealth v. Koch, 288 Pa. Super. 287, 431 A.2d 1052 (1981). While there is language in Koch to this effect, there is also qualifying language which states (p. 1054):

". . . all general provisions of the criminal rules become applicable to the trial de novo unless specifically made inapplicable." As previously noted Pa. R.Crim.P. 305B. confines itself to "court cases" which by definition excludes summary offenses.

It is perhaps of further significance to observe that Koch, supra, p. 1055 seemingly confines its rationale to summary offenses that are defined as "crimes" under 18 Pa. C.S.A. §106. Under §106 a "crime" is defined as an offense for which a sentence of imprisonment may be imposed. To the extent this factor was important to the Koch result, it would not be present in the present case, since the game law violation charged provides only for a fine without imprisonment.

Thus, while defendants' request for pre-trial or hearing discovery rights has some logical and perhaps philosophical appeal, to grant the request would be to contradict the explicit provisions of Pa. R.Crim.P. 305B. If that is to be done, it should more appropriately be done by an appellate court. Likewise, defendants' suggestion that discovery be granted simply upon the authority of the court's in-

herent discretion must be rejected as being a bootstrapping maneuver calculated to ignore the clearly enunciated exclusion of summary offenses from the coverage of Pa. R.Crim.P. 305B.

Independent of the prohibition against discovery rights in these summary cases, there is an additional reason for denying the request. The deer carcass being sought is no longer in existence, and the evidence before the court suggests that its destruction was not only inadvertant but also that it occurred before the Commonwealth was aware of defendants' desire to examine it. Under such circumstances the court must conclude that the carcass is not available for legitimate reasons. Defendants' request that the Commonwealth not be permitted to prosecute the action because of the destruction of the carcass is deemed to be inappropriate in the absence of a finding that the destruction was wilful and with the intent of preventing the court from ordering it production.

## ORDER

And now, May 10, 1984, based upon the foregoing opinion, it is hereby ordered that the rule issued March 10, 1984 be dissolved and that the requested discovery be denied.