505 A.2d 1014

**In the Interest of ANITA H., Jamell B., Frank W.**

**Appeal of CURTIS B. and Frank W., Sr.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1985.

Filed March 12, 1986.

Thomas Woodrow, Pottsville, for appellants.

Before BROSKY, McEWEN and HESTER, JJ.

HESTER, Judge:

The issue presented by this case is whether an adjudication of dependency of minor children can be made without first determining whether a non-custodial parent is available to provide proper care and control.

The facts of this case are as follows. Alice H., the mother of the three minor children who are the subjects of this appeal, Anita H., Jamell B., and Frank W., left them and another child, Valerie H., alone in her apartment to visit a neighbor. While she was absent, one child started a fire with a cigarette lighter. The fire resulted in Valerie's death

and the hospitalization of Frank W.; the remaining two children were unharmed. The mother was charged with and convicted of criminal offenses arising out of the incident and was incarcerated.

On April 19, 1985, a petition was filed by Schuylkill County Children and Youth Services pursuant to the Juvenile Act (hereinafter "Act") alleging that the three surviving children were "dependent children" within the meaning of the Act. *See* 42 Pa.C.S. § 6302. A hearing was held on May 2, 1985, concerning the allegations in the petition.

Appellants, Curtis B. and Frank W., Sr., are the natural fathers of the children, and appeared at the hearing in an effort to obtain custody of their respective children. The trial judge, noting that home evaluations had not been completed, refused to consider their requests or to permit them to testify.[1]

An order was issued May 8, 1985, wherein the children were adjudicated dependent and which placed legal custody of the minors in Schuylkill County Children and Youth Services. Physical custody of the children was awarded to Rose Ann Stokes, their maternal grandmother.[2] The court further directed that its order "remain in full force and effect until further Order of this Court." Appellants thereafter perfected this appeal.

■ The Juvenile Act defines a dependent child, in relevant part, as one who "is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health or morals . . . ." 42 Pa.C.S. § 6302. Whether a child is considered to be lacking proper parental care or control encompasses two discrete questions which must be addressed by the trial court. First, it must be ascertained if the child is *"at this moment* without proper parental care

---

1. The trial judge, in denying their requests to be heard, informed their counsel, "I don't want you to waste my time."

2. Since the hearing, the children's mother, Alice H., has been released from prison and is currently residing with Mrs. Stokes and the children.

or control." If so, then the court must determine if such care or control is *"immediately available."* *In the Interest of LaRue*, 244 Pa.Super. 218, 233, 366 A.2d 1271, 1278 (1976) (emphasis in original); *see also In the Interest of Theresa E.*, 287 Pa.Super. 162, 179, 429 A.2d 1150, 1158 (1981).

■ In the case at bar, the lower court considered evidence from the caseworker only as to the mother's ability to provide proper parental care. Clearly, a determination that she could not do so while incarcerated cannot be challenged. However, the trial judge refused to hear testimony by appellants as to their parental fitness. By failing to consider their testimony, the trial court could not adequately rule upon whether proper parental care or control was immediately available. In the absence of clear and convincing evidence that such care was not immediately available, the children could not be adjudicated dependent. *In re A.E.M.*, 288 Pa.Super. 284, 288, 431 A.2d 1049, 1052 (1981).

Appellants rely upon *In the Matter of Mark T.*, 296 Pa.Super. 533, 442 A.2d 1179 (1982), a case which is directly relevant to the matter before us. Therein, the mother and father were divorced and living apart, with the mother retaining physical custody of the child. The lower court adjudicated the minor child dependent without establishing whether the child's father was able to provide proper parental care and control. This court vacated the order and remanded for further proceedings, observing that the lower court had not considered the availability of the father before adjudicating the child dependent. To make a determination of dependency, we held that the lower court was required to determine whether Mark's father was capable of rendering the requisite care and control for the child.

■ This case warrants a similar result. The natural fathers stood ready to assume immediate care and control over their children. Concededly, home evaluations were necessary prior to an adjudication. However, the lower court should have continued its hearing and ordered the

studies rather than entering a finding of dependency and stating that the children "may eventually be placed with their fathers; however, that decision will depend upon the home studies done by the Berks County Children and Youth Services." Slip op. at 3. Its decision to find the children dependent was not consonant with the fundamental purpose of the Act, which is to preserve the unity of the family. Care and protection of the children are to be achieved in a family environment, whenever possible, separating the child from parents only when necessary for his welfare or in the interests of public safety. 42 Pa.C.S. § 6301(b)(3). *See also In the Matter of Mark T., supra.*

■ Accordingly, we must vacate the order of the lower court and remand for further proceedings. The court shall direct an investigation of the fathers' homes and consider the results of such investigations before making its adjudication.[3] "Additionally, the court should consider obtaining disinterested testimony from neighbors, social workers, and/or psychological experts before making its adjudication." *In re A.E.M., supra,* 288 Pa.Super. at 289, 431 A.2d at 1052. After the hearing, the court shall enter an appropriate order and prepare an opinion with specific findings of fact. *Id.*

Orders vacated and case remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.

---

**3.** Appellee contends that appellants should not use dependency proceedings as an alternate means to seek custody. Indeed, this court has cautioned against such efforts by non-custodial parents. *In the Interest of Theresa E.,* 287 Pa.Super. 162, 429 A.2d 1150 (1981). However, when a dependency petition is filed by a third party, we cannot condemn a non-custodial parent who intervenes in order to protect his child from being declared dependent and placed in the custody of a public agency or with foster parents.

Appellee also argues that this proceeding has become moot since the mother has regained custody of the children. Such is not the case. Although the mother may be reunited with the children at the home of her mother, legal custody of those children continues to be vested in Schuylkill County Children and Youth Services until such time as the court directs otherwise.