**In the Interest of Kyle Austin HALL, a Minor.**

**Appeal of William L. HALL, II.**

Superior Court of Pennsylvania.

Submitted Oct. 20, 1997.

Filed Dec. 23, 1997.

Michael R. Muth, Stroudsburg, for appellant.

Jonathan Mark, Stroudsburg, for appellee.

Before McEWEN, President Judge, and FORD ELLIOTT and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from an order adjudicating the minor child, Kyle Austin Hall (K.A.H.), dependent and in need of the care and supervision of the court. Appellant contends that the court erred in finding the infant K.A.H. dependent in the absence of clear and convincing evidence indicating that appellant was not capable of providing proper parental care for the child. We reverse.

K.A.H. was born on February 20, 1997, to appellee, J.C., a fourteen year old minor, who, herself, is in foster care having been adjudicated a dependent child in 1996. The father of the child is appellant, William L. Hall, who was eighteen at the time of the hearing and a high school junior. K.A.H. has been cared for by his mother, J.C., since birth, with supplemental care and support provided by J.C.'s foster parents. Subsequent to K.A.H.'s birth, Monroe County Children and Youth Services (CYS) filed a petition on March 20, 1997, to have infant K.A.H. declared a dependent child. A hearing was held on August 1, 1997, on the CYS petition after which the court entered an order finding K.A.H. dependent and awarding physical and legal custody of K.A.H. to CYS. Appellant filed a timely appeal thereafter. Appellee, J.C., did not.

 To adjudicate a child dependent it must be demonstrated by clear and convincing evidence that the child is, at the time of adjudication, without proper parental care and control and that such care is not immediately available. *In Interest of Justin S.*, 375 Pa.Super. 88, 543 A.2d 1192 (1988). The present case is, unfortunately, all too common in our current age as neither parent is self-sufficient and neither is capable of providing proper shelter and care for their child without public assistance, the assistance of others, or both. An apt subtitle to the present case might be "children having children."

Nevertheless, it appears clear that at the time of the adjudication the requirements for a finding of dependency were lacking. Not only was there a lack of any evidence that the minor child was not receiving proper care,[1] but there was also a lack of evidence to support the proposition that such care was not immediately available from appellant.[2] A finding of dependency would require a finding of both of these factors, neither of which was presented below.

At the time of the adjudication K.A.H. was being cared for by his minor mother, appellee J.C. According to the testimony presented at the hearing the care provided by J.C. was quite adequate. When asked if there had been any neglect for the baby on J.C.'s part, or anything to cause concern for J.C.'s ability to care for K.A.H., the caseworker responded "[t]o the best of my knowledge, she's doing very well with the child." Tr. 9. When asked about appellant's ability to care for the child the caseworker admitted that she was unaware of anything in appellant's situation which would be inappropriate for raising the child and had no reason to believe that he would be incapable of raising the child. Tr. 13–15. Appellant testified that he had made arrangements for the child to live with him and his sister Mary, in a two-bedroom mobile home. Appellant's other sister, Shannon, who lives in the same mobile home park, would be able to care for K.A.H. when appellant was in school and at work. Appellant further indicated that a possibility existed that he and Mary might be able to move into a three-bedroom mobile home in the same park. Tr. 25–27.

 The apparent reason for the action on the part of CYS to adjudicate the child dependent was that K.A.H. was born to a minor child who herself was adjudicated dependent. In fact, when asked if the reason CYS was seeking an adjudication of dependency was because of J.C.'s young age and because she was also in foster care, the caseworker responded affirmatively. Although on a viscer-

---

1. Indeed, there was evidence quite contrary to this point.

2. The court cannot adjudicate a child dependent when there is a non-custodial parent ready, will-ing and able to provide the child with proper parental care and control. *In Interest of Justin S., supra.,Matter of Mark T.*, 296 Pa.Super. 533, 442 A.2d 1179 (1982).

al level allowing CYS to exercise custody and control of K.A.H. under these circumstances may seem advisable, and as a practical matter, if J.C. retains primary custody of K.A.H. CYS will indirectly be involved in his care, there does not appear to be legal support for an adjudication of dependency under the Juvenile Act simply because the mother is in foster care or simply due to the age of the parents. It must be remembered that an action under the Juvenile Act is not the same as a custody hearing. The inquiry is not what custodial arrangement is in the child's best interests. *Matter of Jackson,* 302 Pa.Super. 369, 448 A.2d 1087 (1982). The inquiry is limited to whether or not the child is dependent as defined in the Act. Here, the definition in the Act is not met and the child cannot be adjudicated dependent. As far as an appropriate custody arrangement for K.A.H., we express no opinion.

Order reversed.