375 A.2d 795

**Paul E. JONES**

v.

**Lori L. KNIESS, Appellant.**

Superior Court of Pennsylvania.

Argued April 14, 1977.

Decided June 29, 1977.

---

136

George H. Hancher, Zelienople, for appellant.

Norman D. Jaffe, Butler, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

PRICE, Judge:

This is an appeal from the lower court's order directing appellant Lori L. Kniess to transfer custody of the parties' three year old son, Paul Eugene Jones, Jr., to her ex-husband, appellee Paul E. Jones, Sr. We affirm.

The parties herein were married in December of 1973 and resided in this Commonwealth for a short period. Their son was born in 1974 in Pennsylvania. Appellee, a naval aviation mechanic, was transferred to California where the family lived until the latter part of 1974. Appellee subsequently obtained a divorce in the Superior Court of the State of California for Kings County. In conjunction with the interlocutory decree entered in December of 1974, appellant was awarded temporary custody of the couple's son. Appellant returned to Pennsylvania with the child and moved into her parents' home in Harmony. A final decree of divorce was entered in California in 1975.

Appellant remarried and, with the consent of appellee, instituted proceedings for the adoption of Paul, Jr. by appellant's second husband. After two months this marriage broke up and the adoption proceedings were halted. Appellant's second husband subsequently obtained a divorce. Upon learning of the break-up of the second marriage, appellee, through local counsel, petitioned the Court of Common Pleas of Butler County for a writ of habeas corpus. The writ was issued but it was never served because appellant had left Butler County with her child and another man and had travelled to Florida.

A few days after appellant's departure, her parents travelled to Florida, recovered the child and brought him back to Pennsylvania. According to their testimony, the child was to live with them until appellant obtained employment and could care for the child. Near the end of March, 1976, appellant returned to her parents' home.

On April 2, 1976, appellee and his current wife arrived in Pennsylvania. After a short visit, they took the child to California without appellant's consent. Appellant followed and obtained temporary custody through a Kings County court order. As a condition of this temporary custody, appellant was required to remain in Kings County for three days pending a final hearing. Contrary to the advice of her California counsel, appellant returned to Pennsylvania with the child and did not personally participate in the California proceedings which followed.

A hearing was held in California on August 16, 1976. Based primarily on a Probation Department report, the court found that appellant was "not a suitable person to have custody . . . and that the child's health and welfare require[d] that his custody and control be with . . . [appellee] who is a fit person to have care, custody and control of the minor child." (NT 178a).[1]

---

1. By a separate order, the California court found appellant in contempt for leaving Kings County. The court also specifically held that appellee was not in contempt of the original California order when he took the child from Pennsylvania. (NT 242a).

Appellee then petitioned for a writ of habeas corpus in Butler County. After a full hearing appellee was awarded custody. An application to stay this order pending appeal was granted by an order of this court dated September 10, 1976.

It is well established that "the sole issue to be decided in a custody proceeding between contending parents is the best interests and welfare of the child. Act of June 26, 1895, P.L. 316, § 2, 48 P.S. § 92 (1965); *Commonwealth ex rel. Myers v. Myers,* 468 Pa. 134, 360 A.2d 587 (1976); *Commonwealth ex rel. Holschuh v. Holland-Moritz,* 448 Pa. 437, 292 A.2d 380 (1972); *Commonwealth ex rel. v. Daven,* 298 Pa. 416, 148 A. 524 (1930)." *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 294, 368 A.2d 635, 637 (1977). In determining the best interests of a child, we are concerned entirely with the child's physical, intellectual, moral, and spiritual wellbeing. *Commonwealth ex rel. Holschuh v. Holland-Moritz, supra.*

Although our courts have recognized that the scope of review of an appellate court in child custody cases is of the broadest type, our power is not without limitation. *Commonwealth ex rel. Spriggs v. Carson, supra.* "[T]he credibility of witnesses and the weight to be given to their testimony by reason of their character, intelligence, and knowledge of the subject can best be determined by the judge before whom they appear." *Commonwealth ex rel. Spriggs v. Carson, supra,* 470 Pa. at 295, 368 A.2d at 637, *quoting Commonwealth ex rel. Harry v. Eastridge,* 374 Pa. 172, 177, 97 A.2d 350, 353 (1953). Because the trial judge is in the better position to evaluate the attitudes, sincerity and demeanor of the witnesses, we have repeatedly held that, absent a gross abuse of discretion, an appellate court should not interfere with the decision of the hearing judge. *E. g., Commonwealth ex rel. Rainford v. Cirillo,* 222 Pa.Super. 591, 296 A.2d 838 (1972); *cf. Rinker Appeal,* 180 Pa.Super. 143, 117 A.2d 780 (1955).

During the hearing in the court below, the record of the California proceedings was offered into evidence. Appellant objected, contending that she never received notice of the hearing. The record demonstrates that appellant did in fact receive notice. The record was therefore properly admitted.

■ It is clear from a reading of the lower court's opinion that although the judge below exercised his own independent judgment in this case, he considered and was influenced to some extent by the prior California adjudication.[2] This was proper. *See, e. g., Commonwealth ex rel. Spriggs v. Carson, supra; Friedman v. Friedman,* 224 Pa.Super. 530, 307 A.2d 292 (1973); *Irizarry Appeal,* 195 Pa.Super. 104, 169 A.2d 307 (1961).

Prior to the California hearing, the Kings County Probation Department compiled a report to assist the court in its decision. Both parties aided in the preparation of this report by submitting written statements as well as the names of potential references. This report was placed in the record of the California proceedings and, as previously stated, incorporated into the record of the hearing below.

■ The lower court, in its order dated September 7, 1976, and subsequent opinion dated October 18, 1976, found that appellant is immature and irresponsible,[3] and that the welfare and best interest of Paul, Jr. will be served by placing principal custody in appellee. We must determine whether the hearing court's findings are supported by credible evidence. *See Commonwealth ex rel. Myers v. Myers, supra.*

The lower court's finding that appellant is immature and irresponsible was supported by a number of factors. First, a letter of reference submitted by a neighbor of thirteen years indicated that in the writer's opinion appellant was lazy,

**2.** The lower court has provided us with a comprehensive opinion as required by our case law. *E.g., Commonwealth ex rel. Grillo v. Shuster,* 226 Pa.Super. 229, 312 A.2d 58 (1973).

**3.** It should be pointed out that neither party has displayed extraordinary judgment or discretion in his or her actions.

undisciplined, and irresponsible, and that her reputation in the community was poor.[4]

A second letter was received from Mrs. Cheri McConnell, who resides in Florida. Prior to appellant's departure for Florida, she had requested the McConnells' assistance in procuring employment. Before she arrived in Florida, the McConnells learned that appellant's travelling companion was wanted by the police. Upon appellant's arrival, the McConnells refused to permit appellant's companion to stay with them. After a conference between appellant, her parents and the McConnells, appellant left the child with the McConnells and continued on her way. The McConnells cared for the child until appellant's parents arrived. In her letter Mrs. McConnell informed the court that the child was not physically neglected. In her opinion appellant loved the child but did not have the maturity to realize that "life isn't just one big party." (NT 213a).

In its opinion, the lower court also noted that appellant is supported by welfare. Appellant contends that this was error. It is well established that the fact that a child will be supported through public assistance cannot defeat an otherwise fit parent's right to custody. *E.g., Commonwealth ex rel. Gifford v. Miller*, 213 Pa.Super. 269, 248 A.2d 63 (1968). In the instant case, however, the court was not dealing with the relative financial capabilities of the parents when it noted that appellant received public assistance. Prior to February, 1976, appellant was employed as a practical nurse. She testified that she quit her job for no reason other than she did not like it. The record contains a statement by appellee that appellant told him that she just wanted to enjoy life for a while. These facts taken together

4. In the last paragraph of this letter, the writer gratuitously added that she would not be able to say that custody in appellee would be good for the child because of his poor marriage record. This statement was given little weight by the lower court. The writer could have known very little, if anything, about appellee after he moved to California. Moreover, there is no indication of how well the writer knew appellee during his Pennsylvania residence. In light of appellee's excellent California references, the judge was justified in discounting the statement.

do show that appellant, age nineteen, lacks the qualities of maturity and responsibility.

Moreover, we are gravely concerned with the fact that appellant, during her Florida escapade, subjected her child to the care, custody, and continued presence of her companion whom she knew was wanted by the police in connection with a robbery. This companion ultimately pled guilty to robbery charges in the Court of Common Pleas of Butler County.

It should be noted that there have been no charges of physical neglect of the child. He has been cared for, in large part, by his grandparents, with whom he lives. Appellant's two sisters also reside in the grandparents' six room home in Harmony. The lower court was impressed with appellant's parents and at one point, during an in-chambers conference, suggested that they adopt the child. Appellee refused this suggestion, and the matter was dropped.

Appellee, age twenty-two, has been in the navy for five years. His marriage to appellant was his second. At the time of the hearing in the instant case appellee had been married to his current wife for fifteen months. They live in a house on the naval base. Paul, Jr. would have his own bedroom. He would have full access to the base medical and recreational facilities.

The record demonstrates that appellee is well respected both professionally and socially by his peers. He has received several commendations from his superiors. His references indicated that both he and his wife are very intelligent, moral people who, in the opinion of the writers, would make very good parents.

The lower court was concerned with the fact that at one point appellee had been willing to consent to an adoption of his child. The judge, who was favorably impressed by appellee's appearance and attitude, believed appellee when he testified that he consented to the adoption because he respected appellant's second husband and believed at that time that an adoption would be in the child's best interest.

Appellant finally contends that "the controlling factor should be the retaining of the child in the home of the parent residing in the Commonwealth . . . ." As our Supreme Court recently noted in *Commonwealth ex rel. Spriggs v. Carson, supra,* 470 Pa. at 299, 368 A.2d at 639:

"In today's accessible and communicative world the validity of this proposition is open to serious question. It would be presumptive [sic] to believe that the care and concern of the Pennsylvania Courts for the best interest and the welfare of a child is not shared by our sister States."

A review of the record demonstrates the thoroughness and interest of the California court in this matter.

We hold that the lower court's findings are supported by competent evidence and based upon our responsibility of broad review affirm the lower court's conclusion that the best interest of Paul Eugene Jones, Jr. will be served by an award of custody to appellee.

The order of the lower court is affirmed and the supersedeas granted by this court in our order of September 10, 1976, is hereby dissolved.

HOFFMAN and SPAETH, JJ., concur in the result.

VAN der VOORT, J., did not participate in the consideration or decision of this case.