519 A.2d 456

**Frank E. HELSEL, Appellant,**

v.

**BLAIR COUNTY CHILDREN AND YOUTH SERVICES
and Betty L. Spangler.**

Superior Court of Pennsylvania.

Argued April 15, 1986.

Filed Dec. 8, 1986.

488

David M. Axinn, Erie, for Blair County, appellee.

Paul S. Foreman, Altoona, for Spangler, appellee.

Before TAMILIA, KELLY and MONTGOMERY, JJ.

TAMILIA, Judge:

This is an appeal from an Order placing custody of Betty Gene Helsel with her mother, Betty Spangler, and her maternal grandparents. The Order also directed Betty Spangler to undergo counseling on parenting skills and required supervision of the child by the Welfare Department with periodic reports to the court. ·

Betty Gene Helsel was born in 1975 to Gene Helsel and Betty Spangler. Frank Helsel, appellant, is the halfbrother of Betty Gene. He was living with his father and Betty Spangler at the time of Betty Gene's birth.

Gene Helsel and Betty Spangler had an unstable relationship which included large periods of· time residing apart. Betty Gene remained with her father until his death on July 4, 1980.

Immediately after Gene Helsel's death, a· dispute arose between Frank Helsel and Betty Spangler concerning custody of Betty Gene. On July 11, 1980, a juvenile petition apparently was filed [1] and an Order issued placing the child with Blair County Children and Youth Services, Inc.

A dependency hearing was held on July 23, 1980 (N.T. 10/27/80).[2] On the same day, a Petition for Writ of Habeas Corpus was filed by appellant and the court issued the Writ scheduling a hearing for October 10, 1980. On August 4, 1980, the court issued an Order directing home studies of appellant and Betty Spangler to be completed prior to the October 10 hearing. Hearings were held October 27, 1980 and August 14, 1981. At the October hearing, upon motion of appellant's attorney, the prior testimony of the July 23 hearing was incorporated into the proceedings. On March

---

1. Both parties and the lower court discuss this petition and Order but they are not part of the record. Neither could it be located upon inquiry to the clerk's office of the lower court.

2. A transcript of this hearing is not part of the record.

21, 1983, the Order, which is the basis of the present appeal, was filed.[3] At that time, the child was removed from foster care and placed in the custody of her mother and maternal grandparents.

A review of the record reveals numerous problems which prevent a disposition on the merits of the arguments raised by appellant. The initial difficulty is determining the exact nature of the adjudication made by the court. The Order of March 1983, from which the appeal is taken, specifically states in pertinent part:

Now, this 17th day of March, 1983, the above identified matter having come before this Court on the Petition of Frank E. Helsel for Writ of Habeas Corpus....

Order filed March 21, 1983, Peoples J.

The Opinion prepared by the trial judge states:

From the inception of the litigation in this matter, this Court has consistently regarded the entire proceeding as one relating to a dependency petition filed in the interests of Betty Gene Helsel, a minor child, and not a custody proceeding.

Opinion, Peoples, J.

We are thus faced with a discrepancy, for the Order, on its face, is a custody Order resulting from a Habeas Corpus action, yet the trial judge emphatically states it is the result of a dependency determination.

The record, apart from statements by the parties in their briefs, is void of entries as to a dependency determination. Although the filing of a dependency petition is discussed, this petition has not been made part of the record. In addition, the testimony of the July 23, 1980 dependency hearing is not part of the record, in spite of the fact that this testimony was incorporated into the record by the granting of a motion at the October 27, 1980 hearing (N.T. 10/27/80, p. 5).

Determining the nature of the Order is not crucial, however, for whether it is construed as a custody Order resulting from a Habeas Corpus action or a disposition resulting

3. The lower court Opinion was submitted to this Court in 1986.

from a dependency petition it is improper. This finding is based upon our conclusion that the Writ of Habeas Corpus was improperly issued and a determination of dependency never made.

In order to properly explain our ruling, it is necessary to discuss the actions taken along with those which would be appropriate under the circumstances.

Initially it must be noted that the father, up until his death, had unchallenged custody of the child, and at the time of his death, the appellee/mother was living with him. Following the death until the time of the funeral, the appellee along with Betty Gene, stayed with appellant and his girlfriend. It was during this time that a dispute arose between the parties as to who should have the child. As a result of this dispute the child was placed with the Blair County Children and Youth Services and the petition alleging dependency apparently filed.

If we assume the filing of a dependency petition and the establishment of a hearing date were proper under the circumstances herein, the problems presented here are rooted in the action taken by the court in granting the petition for a writ of habeas corpus on the day of the dependency hearing.

A writ of habeas corpus was an accepted means of ascertaining and enforcing the right to custody of a child.[4] *Reilly v. Reilly,* 219 Pa.Super. 85, 280 A.2d 639 (1971); *Jones v. Kniess,* 249 Pa.Super. 134, 375 A.2d 795 (1977); *Adriance v. Adriance,* 329 Pa.Super. 168, 478 A.2d 16 (1984). However, the status of the petitioner and the timing of the petition are important factors in determining the propriety of this means of relief.

> To invoke the aid of habeas corpus for the purpose of determining custody of an infant, the petitioners for the writ must show a prima facie legal right to such custody.

*Commonwealth ex rel. Ebel et ux v. King et al.,* 162 Pa.Super. 533, 58 A.2d 484 (1948).

---

**4.** The relief previously available by habeas corpus is now supplied by a motion for special relief under Pa.R.C.P. 1915.13.

 In the present case, although the petitioner was the halfbrother of Betty Gene and had resided in his father's home along with her, this did not establish a legal right to custody. Appellant was not a parent, nor was he acting in loco parentis. His relationship as a half brother did not confer a right of custody upon him. Absent a prima facie right to custody he lacked standing to seek custody through a writ of habeas corpus.

> Parents have a prima facie right to custody which may be forfeited if convincing reasons appear that the best interests of the child will be served by awarding custody to someone else.

*In Re Custody of Hernandez,* 249 Pa.Super. 274, 284, 376 A.2d 648, 653 (1977). Citations omitted.

 The appropriate manner for a party such as appellant to seek a forfeiture of the parental rights is for the party to file a petition for a dependency determination under 42 Pa.C.S.A. § 6334. *See Stapleton v. Dauphin County Child Care Service,* 228 Pa.Super. 371, 324 A.2d 562 (1974). It is important to note that the best interests of the child do not become a concern immediately. The initial phase of the proceeding is a hearing to ascertain whether the child is presently without proper parental care and whether such care is not immediately available. *In Re Frank W.D.,* 315 Pa.Super. 510, 462 A.2d 708 (1983), 42 Pa.C.S.A. § 6302. At this stage, the burden is on the party seeking to take the child from its parent(s) to prove by clear and convincing evidence that the child is dependent. The "clear and convincing evidence" standard of proof has been imposed by the Supreme Court of the United States upon proceedings to terminate rights of parents to their natural children. *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). The standard for adjudicating a child dependent is also "clear and convincing evidence." 42 Pa.C.S. § 6341(c). *In Re Interest of Anita H.,* 351 Pa.Super. 342, 505 A.2d 1014 (1986).

 If dependency is found the court then makes a disposition under 42 Pa.C.S.A. § 6351 which provides in pertinent part:

## § 6351. Disposition of dependent child

(a) General rule.—If the child is found to be a dependent child the court may make any of the following orders of disposition best suited to the protection and physical, mental, and moral welfare of the child:

(1) Permit the child to remain with his parents, guardian, or other custodian, subject to conditions and limitations as the court prescribes, including supervision as directed by the court for the protection of the child.

(2) Subject to conditions and limitations as the court prescribes transfer temporary legal custody to any of the following:

(i) Any individual resident within or without this Commonwealth who, after study by the probation officer or other person or agency designated by the court, is found by the court to be qualified to receive and care for the child.

(ii) An agency or other private organization licensed or otherwise authorized by law to receive and provide care for the child.

(iii) A public agency authorized by law to receive and provide care for the child.

(3) Without making any of the foregoing orders transfer custody of the child to the juvenile court of another state if authorized by and in accordance with section 6363 (relating to ordering foreign supervision).

(b) Limitation on confinement.—Unless a child found to be dependent is found also to be delinquent he shall not be committed to or confined in an institution or other facility designed or operated for the benefit of delinquent children.

A review of this statute and case law establishes that this is the phase of the bipartite proceeding where the best interest analysis is used in deciding the custody question. *In Interest of Theresa E.*, 287 Pa.Super. 162, 429 A.2d 1150 (1981); *Adriance, supra.* Only then may a parent be

denied custody of the child and only upon a showing of clear necessity. 42 Pa.C.S. § 6341(c).

The importance of not allowing an improper use of habeas corpus becomes apparant when we view the present case. If appellant were allowed to proceed on a writ of habeas corpus, the sole issue before the Court would be the best interest of the child. *Beichner v. Beichner*, 294 Pa.Super. 36, 439 A.2d 737 (1982). There is no requirement in a habeas corpus action that a determination, by clear and convincing evidence, be made that the child is dependent, as in a dependency proceeding. Section 6341(c), *supra.* A parent's prima facie right to custody could thus be challenged without a clear and convincing showing that the child is not receiving proper parental care. This is not appropriate when the party seeking custody lacks a legal basis to claim custody equal with that of the parent. It is an unacceptable means of circumventing the procedures established to determine the necessity of forfeiting parental rights. Conversely, we have frowned upon the use of a dependency proceeding as an alternative to a custody proceeding because it invokes the intrusion of the state in regulating the family through intervention of social agencies and controls over parental interaction with their children. *Theresa E., supra.* Thus, parents should not be filing dependency petitions if no serious neglect is involved and the issues relate only to the child's best interests, whereas third parties should not be permitted to file custody actions if they do not have standing, and are permitted to file dependency actions only if it appears there is serious threat to the welfare of the child.

In addition to the lack of standing of the petitioner, we think the writ was also improperly issued in light of the timing of the petition. The child was under the care of the Children and Youth Services with no necessity of an immediate disposition of custody to prevent harm. The dependency proceeding was presently before the court and resolution of the action would decide the issue raised in the petition for a writ of habeas corpus. *See Commonwealth v. Edberg*, 346 Pa. 512, 31 A.2d 84 (1943).

We next focus on the reasons for our finding that the Order does not qualify as a custody determination under 42 Pa.C.S.A. § 6351.

■ As noted above (footnote 1) we find no record of a dependency petition ever having been filed. Without a petition, the court had no jurisdiction to proceed in the dependency action. Assuming a petition had been filed, the posture of this case is still unredeemable.

■ First and most important is the fact that no dependency determination had been made. It is clear from the statute that a dependency determination is a prerequisite to a disposition on the custody issue. 42 Pa.C.S.A. § 6341 provides in pertinent part:

§ 6341. Adjudication

(a) General rule.—After hearing the evidence on the petition the court shall make and file its findings as to whether the child is a dependent child, or if the petition alleges that the child is delinquent, whether the acts ascribed to the child were committed by him. If the court finds that the child is not a dependent child or that the allegations of delinquency have not been established it shall dismiss the petition and order the child discharged from any detention or other restriction theretofore ordered in the proceeding.

. . . . .

(c) Finding of dependency.—If the court finds from clear and convincing evidence that the child is dependent, the court shall proceed immediately or at a postponed hearing, which shall occur not later than 20 days after adjudication if the child has been removed from the home to make a proper dispostion of the case.

*See also Anita H., supra; In Interest of Ryan Michael C.,* 294 Pa.Super. 417, 440 A.2d 535 (1982).

■ A thorough review of the record indicates no finding of dependency was ever made. Thus any attempted disposition is improper. *Ryan, supra. In Re Davis,* 288 Pa.Super. 453, 432 A.2d 600 (1981); *Hemenway v. Hemenway,* 284 Pa.Super. 481, 426 A.2d 149 (1981).

■ An added problem is the apparent combination of the habeas corpus action with the hearing on dependency in violation of 42 Pa.C.S.A. § 6336(a). This statute provides:

### § 6336 Conduct of Hearings

(a) General Rule—Hearings under this chapter shall be conducted by the court without a jury in an informal but orderly manner, and *separate from other proceedings not included in section 6303.*

(relating to scope of chapter)

(emphasis added)

Section 6303 provides:

### § 6303. Scope of chapter

(a) General rule.—This chapter shall apply exclusively to the following:

(1) Proceedings in which a child is alleged to be delinquent or dependent.

(2) Transfers under section 6322 (relating to transfer from criminal proceedings).

(3) Proceedings arising under Subchapter E (relating to dispositions affecting other jurisdictions).

(4) Proceedings under the Interstate Compact on Juveniles, as set forth in section 731 of the act of June 13, 1967 (P.L. 31, No. 21), known as the "Public Welfare Code." [1]

(b) Minor judiciary.—No child shall be detained, committed or sentenced to imprisonment by a district justice or a judge of the minor judiciary. 1976, July 9, P.L. 586, NO. 142, § 2, effective June 27, 1978. As amended 1978, April 28, P.L. 202, No. 53, § 22, effective June 27, 1978.

_____

[1] 62 P.S. § 731.

A habeas corpus action is not included in section 6303 and thus it was improper to combine the two actions. *See Matter of Jackson*, 302 Pa.Super. 369, 448 A.2d 1087 (1982).

In summary, although there is a discrepancy as to the nature of the Order appealed from, there is no basis to uphold the Order whether it is a custody Order resulting from a habeas corpus action or a disposition under the "Juvenile Act", 42 Pa.C.S.A. § 6351.

Since we find the writ of habeas corpus was improperly issued, the Order if it can be construed to be a custody Order is revoked. In addition since there has been no determination of dependency, the Order cannot be a dispositional Order under 42 Pa.C.S.A. § 6351 and if held out as such is a nullity. Thus the present Order has no legal import.

As a result of this finding, the child is in the custody of her mother and maternal grandparents under color of a court Order, which has no legal effect. Since it has been three years since the child was placed with these parties and apparently treatment has been such that further action or change in custody was not warranted, it would appear that an inquiry is required as to the present care and treatment, and/or need for continued intervention, requiring C.Y.S. to remain involved.

We remand for a determination of whether a new petition for dependency need be filed. If further intervention is required, a petition is to be filed and proceedings in conformance with the Juvenile Act are to be conducted, otherwise the case should be closed.

Order vacated, case remanded for further action in accordance with this Opinion.

Jurisdiction relinquished.