## Jackson v. Garland

*Robert S. Shreve,* for plaintiff.
*H. Gervase Fajt Jr.,* for defendant Richard Lee Garland.
*Gene A. Ferace,* for defendants John Walston and Joyce Walston.

BLAHOVEC, *J.,* May 19, 1992—A complaint for partial custody was filed by Doreen D. Jackson, seeking partial custody of Jaymes Carl Garland, age 3. Plaintiff is the maternal aunt of the child. Her sister, Denise C. Sabo, the mother of the child, is deceased. One of the defendants, Richard Lee Garland, the child's father is currently incarcerated in North Carolina for killing Denise C. Sabo. The other two defendants are John Walston and Joyce Walston, paternal grandparents of the child.

In accordance with Westmoreland County procedure, a preliminary custody conference was set before the custody hearing officer for January 14, 1992. This conference was subsequently continued to April 6, 1992, and then April 10, 1992. At the conference, counsel for both defendants raised the affirmative defense of plaintiff's lack of standing to seek partial custody. Since the facts as they relate to standing are not in dispute, after a conference with the court, counsel for all parties agreed to submit written memoranda to allow the court to consider and determine the question of standing.

The Walstons currently have physical custody of Jaymes by order of this court at No. 1277 of 1991-D dated September 5, 1991. Richard Lee Garland maintains that he retains legal custody of the child, and he is opposed to plaintiff's action. He believes that as a parent, he has a right to uninterrupted legal custody without being subjected to actions brought by a person not designated by statute (23 Pa.C.S. §5311), which provides that if a parent of an unmarried child is deceased, the *parents or grandparents* of the deceased parent may be granted reasonable partial custody or visitation rights or both, upon a showing such contact would be in the best interest of the child and would not interfere with the parent-child relationship. Clearly the parents or grandparents of the deceased would have standing to seek partial custody or visitation. The public policy of the Commonwealth, as set forth by statute, 23 Pa.C.S. §5301, is to provide continuing contact of the child with grandparents when the parent is deceased, divorced or separated.

There is no stated public policy to provide a forum for the seeking of partial custody or visitation to the siblings of a deceased parent. Absent a legislative directive and absent any compelling reason to the contrary (such as showing that the child in question had resided with the aunt or uncle seeking partial custody or visitation for a substantial period of time), this court is unable and unwilling to extend standing to the plaintiff.

It has been said that bad facts make bad law. On one hand it might seem unduly harsh to prohibit the brother or sister of a deceased who died at the hands of the surviving, objecting parent from seeking partial custody or visitation. Just because those facts exist in this case

is no reason to open a floodgate to geometrically increase the potential number of litigants in custody actions to include aunts and uncles of the child. Such an expansion would be chaotic and is beyond the power of this court. Plaintiff's parents have every right to proceed to seek partial custody or visitation in accordance with statutory law. She could then see the child incidental to her parents exercise of those rights. She has no standing to assert a claim for partial custody or visitation on her own.

Case law is sparse in this area, but appears to dictate the same conclusion.

In *Helsel v. Blair County Children & Youth Services,* 359 Pa. Super. 487, 491, 519 A.2d 456, 460 (1986), the Superior Court noted that third parties should not be permitted to file custody actions if they do not have standing. In *Herron v. Seizak,* 321 Pa. Super. 466, 468 A.2d 803 (1983), the Superior Court held that grandparents do not have standing to seek visitation or partial custody over a parent's objection unless they come within the purview of the Grandparent's Visitation Act. In *Weber v. Weber,* 362 Pa. Super. 262, 524 A.2d 498 (1987), the Superior Court held that an adult daughter lacked standing to bring an action for partial custody of her minor sister over the objections of the parents.

All of the above cases rest on the right of parents to raise their children as they see fit with limited government interference. It was ably argued in this case by plaintiff's counsel that the present facts are distinguishable—that in effect, the mother's slayer should not be permitted to call the shots from prison concerning who should visit with his son. Even given the disturbing facts of this case, this court does not believe that the

aunt has standing to seek partial custody of her nephew. Every expert who has ever testified before this court in custody cases has referred to the stress of the litigation on the children involved. Extending standing beyond that granted by the legislature to aunts, uncles, brothers, sisters or others can only serve to multiply custody litigation and create chaos in the lives of the children involved. That is not a step this court is willing to take. Accordingly, plaintiff's complaint must be dismissed.

### ORDER

And now, May 19, 1992, it is hereby ordered and decreed that the complaint of the plaintiff for partial custody is dismissed.