530 A.2d 115

**In the Interest of MICHAEL Y., a Juvenile.**

**Appeal of GRACE E.Y.**

Superior Court of Pennsylvania.

Argued April 2, 1987.

Filed Aug. 17, 1987.

Craig P. Miller, Lock Haven, for appellant.

Stephen C. Smith, Lock Haven, for appellee.

Before WIEAND, BECK and CERCONE, JJ.

BECK, Judge:

Michael Y., a fourteen-year old boy, lived with his great-grandmother Mrs. Grace Y. all of his life. In this appeal, appellant Grace Y. challenges the trial court's adjudication that Michael is a dependent child and the court's disposition of Michael, which placed custody with his aunt, Bonnie Y.

On September 18, 1986, appellee Clinton County Children and Youth Agency ("Agency") petitioned the trial court to declare Michael a dependent child pursuant to 42 Pa.Cons. Stat.Ann. § 6302 [1], on the basis of Michael's absences from

1. 42 Pa.Cons.Stat.Ann. § 6302 (Purdon 1982) provides in relevant part:
 "Dependent child." A child who:
 (1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals;
 (2) has been placed for care or adoption in violation of law;
 (3) has been abandoned by his parents, guardian, or other custodian;
 (4) is without a parent, guardian, or legal custodian;
 (5) while subject to compulsory school attendance is habitually and without justification truant from school;
 (6) has committed a specific act or acts of habitual disobedience of the reasonable and lawful commands of his parent, guardian or other custodian and who is ungovernable and found to be in need of care, treatment or supervision;
 (7) is under the age of ten years and has committed a delinquent act;
 (8) has been formerly adjudicated dependent, and is under the jurisdiction of the court, subject to its conditions or placements and who commits an act which is defined as ungovernable in paragraph (6); or
 (9) has been referred pursuant to section 6323 (relating to informal adjustment), and who commits an act which is defined as ungovernable in paragraph (6).

school and his arrest for growing marijuana in his room. At a dependency hearing on September 23, 1986, counsel for Michael Y. and the Agency entered into a stipulation that was adopted by the court as its order. The order provided in relevant part:

And now, September 23, 1986, this matter having been scheduled for a dependency hearing this date and the parties appearing in open court and pursuant to stipulation and agreement arrived at in open court, it is hereby ordered that the Juvenile, Michael [Y.] born February 15, 1973, be adjudicated as a dependent child with legal custody to be transferred to the Petitioner, Clinton County Children and Youth Social Services Agency, with physical custody to remain with the Juvenile's great-grandmother, Grace [Y.] of [address] for a period not to exceed ten days, pending negotiations with Petitioner [Agency] for placement of the Juvenile with a relative. In the event such negotiations are unsuccessful, physical custody shall be transferred to Petitioner for foster care placement with a disposition hearing to be scheduled as required by law.

Appellant was present at the hearing. However, she did not join in the stipulation, nor was she represented by counsel at this proceeding. Shortly thereafter, appellant obtained counsel and filed a motion for reconsideration. She claimed that at the dependency hearing she did not understand the legal significance of the proceeding, the meaning of certain terms used at the hearing, and the fact that she was entitled to court-appointed counsel. She further asserted that she neither consented to nor agreed with the adjudication that Michael was dependent. She stated she was prepared to present evidence that Michael's absences from school had been due to Michael's attendance at his mother's funeral and behavior problems caused by the death of his mother. Nevertheless, the court denied reconsideration.

Review of the Agency's petition indicates that they considered Michael to be a dependent child based upon the criteria in subsections (1) and (6).

Following a disposition hearing on November 3, 1986, the court ruled that it was in Michael's best interest to be placed with his aunt, Bonnie Y., and awarded legal and physical custody of Michael to her. This timely appeal followed.

On appeal, appellant contends that the trial court erred: (1) in finding Michael to be dependent; (2) in proceeding with the dependency hearing while appellant was unrepresented; and (3) in placing Michael with his aunt.

We find that the trial court erred in failing to make an independent adjudication of Michael's dependency as required by 42 Pa.Cons.Stat.Ann. § 6341, and in proceeding with the dependency hearing without first procuring from appellant an effective waiver of her right to counsel. We therefore reverse the order of the trial court awarding custody of Michael to his aunt Bonnie Y. and remand for proceedings consistent with this opinion.[2]

### 1

In reviewing an adjudication of dependency, we are mindful that

> it is a serious matter for the long arm of the state to reach into a home to snatch a child from its mother. It is a power which a government dedicated to freedom for the individual should exercise with extreme care, and only where the evidence clearly establishes its necessity.

*In re Rinker*, 180 Pa.Super. 143, 148, 117 A.2d 780, 785 (1955).

■ A court has no authority to disturb a legal custodian's custody of a child except in accordance with the provisions of the Juvenile Act, 42 Pa.Cons.Stat.Ann. § 6301 *et seq.* (Purdon 1982). *In re Ryan Michael C.*, 294 Pa.Super. 417, 440 A.2d 535 (1982); *In re A.E.M.*, 288 Pa.Super. 284, 431 A.2d 1049 (1981); *In re Frank*, 283 Pa.Super. 229, 423 A.2d 1229 (1980). Chief among the requirements of the Act is that "[a]fter hearing the evidence on the petition the

---

**2.** Because we reverse the order of the trial court based on appellant's first two assignments of error, we need not address the third.

court shall make and file its findings as to whether the child is a dependent child." 42 Pa.Cons.Stat.Ann. § 6341(a). An adjudication of dependency must be supported by "clear and convincing evidence." 42 Pa.Cons.Stat.Ann. § 6341(c). The dependency hearing is a two stage process. Only after the court has made the adjudication of dependency can the court inquire into the best interests of the child in order to make an appropriate disposition.

2

 The appellant asserts the court erred in finding Michael dependent. We agree on the basis that the trial court failed to comply with the requirements of Section 6341:

> (a) General rule.—After hearing the evidence on the petition the court shall make and file its findings as to whether the child is a dependent child.

We find that it was improper for the court to accept as conclusive the stipulation of some of the parties that Michael should be adjudicated dependent. We hold that Section 6341 requires the court to make an independent determination that the juvenile is dependent. In the case sub judice the court did not hear evidence on the petition, either in the form of live testimony or affidavits submitted by the parties. It did not make findings that cited specific instances of the juvenile's behavior as establishing by clear and convincing evidence that he was dependent. In a hearing lasting seven minutes, the court merely adopted the stipulation of two of the three parties that Michael be adjudicated as a dependent child. This was improper. The court has a statutory duty to decide the legal issue of whether a child is dependent within the meaning of 42 Pa.Cons.Stat.Ann. § 6302. This duty cannot be delegated to the parties. The court cannot be relieved of its obligation to hear evidence and base its adjudication of dependency on the evidence. The court should of course receive evidence from all interested parties. *In re Barclay*, 321 Pa.Super. 417, 468 A.2d 778 (1983). In addition, "the judge should receive, and if

necessary should seek out, evidence from objective, disinterested witnesses," *In re LaRue,* 244 Pa.Super. 218, 366 A.2d 1271 (1976), *e.g.,* neighbors, teachers, social workers, and psychological experts. *In re Mark T,* 296 Pa.Super. 533, 442 A.2d 1179 (1982); *In re A.E.M.*

The requirement that the court make an independent determination under Section 6341 protects the welfare of children, the primary goal of the statute, by preventing abuse of the dependency proceedings. Under Section 6302 a child can be adjudicated dependent for noncriminal conduct. For example, under subsection (5) of Section 6302 a finding of dependency may be based on habitual truancy from school. Under subsection (6), a juvenile who is habitually disobedient to his parents may be found to be dependent. These standards are very broad and therefore present the potential to be abused. It is a hard task to distinguish between a difficult child who is temporarily acting out and who should not be adjudicated dependent and a difficult child whose behavior is so egregious that he or she will benefit from being adjudicated a dependent. The court must make this distinction independently and cannot rely merely on stipulations from parents, guardians and social service personnel who may be justifiably hostile to a difficult youngster. In these kinds of heated situations the judge's impartial and unemotional judgment must prevail.

A substantial number of dependency petitions are brought by parents who throw up their hands and give up on children whom they view as ungovernable. A case is usually triggered by emotionally charged struggles between a parent and a rapidly maturing adolescent. Frequent parental complaints include the child's refusal to obey, the parents' disapproval of the adolescent's friends, the child's sexual activity, and the child's abusive verbal behavior. *See* Note, *Ungovernability: The Unjustifiable Jurisdiction,* 83 Yale L.J. 383 (1974).

Dependency proceedings are properly initiated only for the benefit of the child and should not be used as punishment for the child. Nor should a parent attempt to

gain custody of a child through the use of a dependency proceeding. *See In re Theresa E.*, 287 Pa.Super. 162, 429 A.2d 1150 (1981). In all dependency proceedings it is especially important that the judge, as the neutral authority, exercise his or her considered judgment independently.

While the stipulation here was used improperly by the judge as a substitute for his own reasoned judgment, stipulations as to *facts* upon which the court may base its adjudication of dependency may be proper. In some cases it may be less painful and more expeditious for the parties to enter into a stipulation rather than have the relevant facts elicited by testimony at the hearing. Before accepting the stipulation the judge must be satisfied that the facts are credible and solidly based and not the product of speculation as to what the child may do in the future. *In re Mark T.*. Furthermore, to be accepted by the court, such stipulation must of course be joined by all the parties. If accepted by the court, the stipulation has evidentiary value and may be considered alone or in conjunction with other evidence. The judge must consider all of the evidence presented as well as the relevant law to arrive at a reasoned decision regarding dependency.

We conclude that in the case sub judice the requirements of Section 6341 were not satisfied, inasmuch as the judge did not make an independent determination of dependency. We remand for a new hearing.

3

 Appellant also contends that the trial court erred in proceeding with the dependency hearing in the absence of an effective waiver of counsel by appellant. We agree. We hold that an effective waiver of a party's right to counsel requires (1) that the trial court explain the benefits of assistance of counsel and inform the party that if he or she is indigent, counsel will be provided to him or her at no cost, and (2) that the party affirmatively waive the right to counsel on the record.

As a party to the dependency proceeding, appellant had a right to counsel pursuant to 42 Pa.Cons.Stat.Ann. § 6337 (Purdon 1982):

> [A] party is entitled to representation by legal counsel at all stages of any proceedings under this chapter and if he is without financial resources or otherwise unable to employ counsel, to have the court provide counsel for him. If a party appears without counsel the court shall ascertain whether he knows of his right thereto and to be provided with counsel by the court if applicable.

The term "party" is not defined in the Juvenile Act. Nor do we attempt to define its exact parameters here; the fact patterns of dependency cases are too variable to permit us to establish one definition that would be appropriate for all cases. We have held that the parents of a child sought to be adjudicated dependent are parties entitled to court-appointed counsel. *In re S.N.W.*, 362 Pa.Super. 295, 524 A.2d 514 (1987). Appellant in the case sub judice is not the juvenile's parent. However, we are persuaded that appellant merits the status of a party based on either of two considerations: first, that she is the legal custodian of the juvenile; second, that it is her care and control of the juvenile that is in question.

The trial court in the case sub judice held that appellant was entitled to counsel, but found that she waived that right at the dependency hearing. We disagree. The record reveals that at the beginning of the hearing the court advised appellant:

> All right, Mrs. [Y], you are allowed to proceed without counsel. If you want to represent yourself, you may do that. However, I should advise you that if at any time during the proceedings you wish to be represented and cannot afford an attorney, why, you may request the Agency to assign counsel to represent you. For that purpose the Agency maintains a roster of independent attorneys who have nothing to do with the Agency who would be assigned to represent you if you felt you wanted an attorney at any time.

All right. Let me hear from counsel [for Michael Y. and the Agency] then.

The transcript does not show that appellant made any responses to the court's statement. We find on the basis of this record that appellant did not effectively waive her right to counsel.

It is fundamental that effective waiver of a right requires that the party be adequately apprised of the nature of the right and the consequences of waiving it so as to permit an informed decision to waive or not. *In re Saladin*, 359 Pa.Super. 326, 518 A.2d 1258 (1986). It is therefore incumbent upon the trial court to inform a party who appears at a dependency hearing without counsel that he or she has a right to counsel and to explain how counsel could be beneficial. In addition, because a party's decision to waive counsel and proceed unrepresented is obviously affected by the cost of obtaining counsel, the court must also explain that if the party is indigent, counsel will be appointed to represent the party without cost. *In re S.N.W.*

■ In discussing the benefits of counsel, the court might indicate that counsel can help the party prepare testimony and locate witnesses; explain the legal significance of what goes on at the dependency hearing itself; and preserve the party's post-hearing rights to petition for reconsideration and to appeal. The trial court's description of the benefits of counsel need not be exhaustive, nor is any one of the above-listed statements indispensable. On appeal, the question will be: did the court's instruction to the party, taken as a whole, convey sufficient information regarding the benefits of counsel and make clear that if he is indigent he is entitled to court-appointed counsel without cost? If it does, the party's decision not to avail himself of counsel is an informed one, and waiver of the right to counsel is effective.

There are clear benefits to providing counsel. The assistance of someone trained in the law helps ensure that all relevant information will be brought out at the hearing. In

the case sub judice Mrs. Y. stated in her motion for reconsideration that she could have testified that Michael had been absent from school because of his attendance at his mother's funeral and the development of problems caused by her death. This testimony was obviously relevant to a petition for dependency based partly on repeated absences from school. Had Mrs. Y. been represented by counsel, this information would have been elicited at the hearing and could have been considered by the trial court in its assessment of whether Michael was a dependent child or not. In addition, the active participation of the parties most directly affected by the dependency proceedings enhances their perception of the fairness of the proceedings and may promote their compliance with the disposition ordered by the court.

Nevertheless, if after proper explanation by the court, the party declines counsel, the court must elicit, on the record, a statement that the party declines to have counsel appointed for him or her. In the case sub judice, the transcript does not show that appellant made any response to the court's brief statement to her regarding her right to counsel. We therefore find that she did not effectively waive her right to counsel.

Appellee argues that, having been advised of her right to court-appointed counsel, appellant's silence should be construed as an affirmative statement that she did not desire counsel at that time. We disagree. Appellant's interest here—the continued custody of her great-grandson Michael—is too important, and the mandate of Section 6337 of the Juvenile Act that the court shall ascertain whether a party desires counsel too strong, to permit us to accept appellee's argument that silence acts as a waiver.

Reversed and remanded for proceedings consistent with this opinion.

WIEAND, J., concurs in the result.