566 A.2d 626

In re Mary Ann MANUEL.

Appeal of Henry MORRIS and Martha Morris, his Wife.

Superior Court of Pennsylvania.

Argued Sept. 12, 1989.

Filed Nov. 21, 1989.

Virginia I. Cook, Pittsburgh, for appellants.

Licia Iannuzzi, Pittsburgh, for Allegheny County Children and Youth Services, participating party.

Before ROWLEY, MELINSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order below granting a petition to remove a child, Mary Ann Manuel, from the custody of appellants, Henry and Martha Morris, and placing her in shelter care under the supervision of appellee, Allegheny County Children and Youth Services ("CYS"). Appellants contend that the lower court erred in entering its order because it failed to advise them of their right to counsel at the hearing. For the reasons that follow, we agree and,

accordingly, we reverse the order below and remand for further proceedings consistent with this memorandum.

Mary Ann Manuel was born on April 21, 1976. On the petition of CYS, she was adjudicated dependent [1] on May 6, 1976 and placed in temporary foster care. By a shelter order dated January 5, 1977 she was placed in the custody of appellants under the continuing supervision of CYS.[2] On

---

1. A dependent child is defined in 42 Pa.C.S.A. § 6302 as:
   A child who:
   (1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals;
   (2) has been placed for care or adoption in violation of law;
   (3) has been abandoned by his parents, guardian or other custodian;
   (4) is without a parent, guardian, or legal custodian;
   (5) while subject to compulsory school attendance is habitually and without justification truant from school;
   (6) has committed a specific act of acts of habitual disobedience of the reasonable and lawful commands of his parent, guardian or other custodian and who is ungovernable and found to be in need of care, treatment or supervision;
   (7) is under the age of ten years and has committed a delinquent act;
   (8) has been formally adjudicated dependent, and is under the jurisdiction of the court, subject to its conditions or placements and who commits an act which is defined as ungovernable in paragraph (6);
   (9) or has been referred pursuant to section 6323 (relating to informal adjustment) and who commits an act which is defined as ungovernable in paragraph (6).
   *Id.*
   A review of CYS's May 20, 1976 petition reveals that Mary Ann was adjudicated dependent pursuant to subsection (1).

2. The record on this appeal contains little information regarding the original placement of Mary Ann with appellants. Initially, we should note that there is no evidence suggesting that appellants are related to Mary Ann. Instead, the only apparent relation between appellants and Mary Ann is that appellants are the legal guardians of Mary Ann's mother, Marjorie Manuel, who suffers from severe psychiatric problems. Mary Ann's father is now deceased.
   Although the nature of the placement is unclear, the trial court referred to appellants as Mary Ann's "foster parents," and, apparently, their role was similar to that of foster parents. In this regard, we note that the January 5, 1977 order states in pertinent part: "the court finds on clear and convincing evidence, that the above named child is deprived, [and] it is hereby ordered that said child be placed under the

March 18, 1982 Mary Ann was removed from the custody of appellants and placed at Holy Family Institute, a treatment and care facility for dependent children. Appellants contested this placement, and Mary Ann was returned to their custody on January 26, 1983. Sometime in January or early February, 1988, CYS filed a shelter petition pursuant to the Juvenile Act, 42 Pa.C.S.A. § 6301 *et seq.*, seeking removal of Mary Ann from appellants' custody.[3] Because Mary Ann had already been adjudicated dependent, and had been sheltered by appellants for some time, the court scheduled a § 6341 dispositional hearing in response to appellee's petition. *See, e.g., In re Hall,* 288 Pa.Super. 495, 432 A.2d 621 (1981). At the hearing on February 18, 1988, CYS maintained that it was seeking to remove the child because appellants terminated Mary Ann's therapy, did not cooperate in attempts to reinstitute it, and refused to allow Mary Ann to attend scheduled counseling. Although appellants were present at the hearing, they were unrepresented by counsel and presented no evidence. The only evidence presented was that of CYS. Based on this evidence, the court found that it would be in Mary Ann's best interest to be removed from appellants' custody and placed in a residential program that would provide her regular care and therapy. That same day, the court issued a shelter order removing her from appellants' custody and placing her at the Holy Family Institute. This appeal followed.[4]

Appellants initially contend that the trial court erred in holding a hearing to determine the placement of a child in their care without first advising them of their right to counsel. Conversely, CYS maintains that appellants are

supervision of Allegheny County Welfare Services, in the custody of Mr. and Mrs. Henry Morris [appellants]."
42 Pa.C.S.A. § 6302 defines a custodian as "[a] person other than a parent or legal guardian, who stands in loco parentis to the child, or a person to whom legal custody of the child has been given by order of a court."

3. *See* N.T. February 18, 1988 at 3. Although this petition is neither docketed nor part of the record, its contents are not in dispute.

4. We note that the decision in this case was delayed for nearly a year pending receipt of the trial court record and opinion.

merely foster parents, not "parties" under the Juvenile Act, and thus they are not entitled to counsel at such a hearing. The trial court, relying on our decision in *In Interest of Michael Y.*, 365 Pa.Super. 488, 530 A.2d 115 (1987), agreed with appellee and held that appellants were not "parties" to the litigation, and thus were not entitled to representation. Section 6337 of the Juvenile Act states, in relevant part, that:

> Except as otherwise provided under this chapter *a party is entitled to representation by legal counsel* at all stages of any proceedings under this chapter and if he is without financial resources or otherwise unable to employ counsel, to have the court provide counsel for him. If a party appears without counsel the court shall ascertain whether he knows of his right thereto and to be provided with counsel by the court if applicable....

*Id.* § 6337 (emphasis added). In *Michael Y., supra,* we noted that: "the term 'party' is not defined in the Juvenile Act. Nor do we attempt to define its exact parameters here; the fact patterns of dependency cases are too variable to permit us to establish one definition that would be applicable to all cases." 365 Pa.Super. at 496, 530 A.2d at 119–120. In *Michael Y.* the child had lived with his great grandmother all of his life. At age fourteen, he was adjudicated dependent. His great-grandmother was unrepresented by counsel at the dependency hearing. Pursuant to § 6337 she filed a motion for reconsideration on the ground that as a party to the proceedings she was entitled to be represented by counsel. We agreed, holding that "[an] appellant merits the status of a party based on either of two considerations: first, that she is the legal custodian of the juvenile; *second, that it is her care and control of the juvenile that is in question." Id.,* 365 Pa.Superior Ct. at 496, 530 A.2d at 120 (emphasis added).

Here, appellants, like the great-grandmother in *Michael Y.,* have cared for the child in question for virtually all of her life. Furthermore, appellants are the legal guardians of the child's nearest blood relative, her mother, who is unable to care for herself. Finally, and most importantly,

the petition of CYS and the evidence it presented make clear that the subject of the hearing was appellants' care and control of Mary Ann. We recognize that this case is distinguishable from *Michael Y.*, in that appellants are not the legal custodians of the juvenile;[5] nevertheless, we are satisfied that the factors cited above are sufficient to merit party status for appellants under § 6337. Accordingly, we conclude that they were entitled to counsel.[6] The trial court also held that, even if appellants were entitled to counsel, they waived that right. The court reasoned that, because appellants had appeared in a custody hearing represented by counsel five years earlier, they must have knowingly decided to waive their right by appearing without counsel in this proceeding. We disagree. In *Michael Y.* we held that "an effective waiver of a party's right to counsel requires (1) that the trial court explain the benefits of assistance of counsel and inform the party that if he or she is indigent, counsel will be provided to him or her at no cost, and (2) that the party *affirmatively waive the right to counsel on the record.*" *Id.*, 365 Pa.Superior Ct. at 495, 530 A.2d at 120 (emphasis supplied). Here, appellants made no such waiver. A review of the hearing transcript reveals no evidence that the court explained the benefits of assistance of counsel to them. Similarly, the record is devoid of any evidence that appellants affirmatively waived their right to counsel in this proceeding. Because the record does not affirmatively demonstrate that appellants were made aware of their right to counsel and then waived it, we cannot affirm the order below on this ground.

5. Nevertheless, we should note that the Juvenile Act recognizes the importance of parties such as appellants. Thus § 6332 provides that notice of delinquency hearings is to be provided to the "parents, guardian, or other custodian" of the child, and § 6335 provides that upon filing of a petition for a hearing regarding the status of a child, "the court shall direct the issuance of a summons to the parents, guardian or other custodian, a guardian ad litem, or any other persons as appear to the court to be proper or necessary parties to the proceeding, requiring them to appear before the court at the time fixed to answer the allegations of the petition."

6. Appellants are also entitled to court appointed counsel if they are "needy persons." *See* 42 Pa.C.S.A. § 6332(a).

86

For the foregoing reasons, we reverse the order of the trial court and remand for proceedings consistent with this memorandum.[7]

Reversed and remanded. Jurisdiction is relinquished.

7. Appellants' final contention is that the evidence presented was insufficient to prove that it was in Mary Ann's best interest to be removed from their custody. With regard to this claim, we have carefully reviewed the evidence presented by CYS at the hearing, and we are satisfied that the evidence was sufficient to support the court's determination. *See* N.T. February 18, 1988 at 3–6. We note, however, that the trial court's decision denying appellants party status prevented them from effectively participating in the hearing by obtaining counsel, presenting testimony and cross-examining witnesses. Thus, the evidence below was completely one-sided.

Appellants also contend that the trial court erred by failing to determine whether alternative services which would have allowed Mary Ann to remain at home were feasible. Because of our disposition of appellants' initial claim, however, we need not address this argument.