922 A.2d 929 (2007)
In the Interest of D.K.
Appeal of R.O., Appellant.
In the Interest of W.K.
Appeal of R.O., Appellant.
Superior Court of Pennsylvania.
Submitted October 2, 2006.
Filed April 11, 2007.
*930 John J. Capaldi, Philadelphia, for appellant.
Vincent W. Furlong, Philadelphia, for appellee.
James W. Martin, Philadelphia, Participating Party.
Cynthia N. Keller, Philadelphia, Participating Party.
*931 BEFORE: BOWES, McCAFFERY AND COLVILLE[*], JJ.
OPINION BY COLVILLE, J.:
¶ 1 This is an appeal from the orders denying Appellant standing to participate in the juvenile dependency proceedings of D.K. and W.K.[1]
¶ 2 Appellant raises one issue for our review: whether the trial court erred by denying Appellant standing to participate in D.K.'s and W.K.'s juvenile dependency proceedings and to present himself as a placement or reunification resource for the children where he was guardian of the children prior to the commencement of dependency proceedings, acting in loco parentis for them for most of their lives, was previously determined by the court to have standing to participate in the dependency proceedings for the children, was provided court-appointed counsel, and was approved as a kinship care provider for the children.[2]
¶ 3 We view Appellant's claims with the following consideration:
In dependency proceedings our scope of review is broad. Nevertheless, we will accept those factual findings of the trial court that are supported by the record because the trial judge is in the best position to observe the witnesses and evaluate their credibility. We accord great weight to the trial judge's credibility determinations. Although bound by the facts, we are not bound by the trial court's inferences, deductions, and conclusions therefrom; we must exercise our independent judgment in reviewing the court's determination, as opposed to its findings of fact, and must order whatever right and justice dictate.
In re C.B., 861 A.2d 287, 294 (Pa.Super.2004).
¶ 4 The trial court found the following relevant facts. D.K. and W.K. both came to the attention of DHS in September of 1995, due to lack of adequate care and supervision. At that time, they were both residing with Appellant. In 2001, services were provided to the children in the home of Appellant. On April 11, 2003, the children were adjudicated dependent and committed to the care of the Department of Human Services ("DHS"). Both children were placed in kinship care with Appellant through Lutheran Children's Services. At a hearing on May 23, 2005, it was alleged that Appellant was the biological father of both children and the court ordered that the children be removed from Appellant's home and that kinship care with Appellant be terminated. At an October 17, 2005, hearing Mother and Appellant denied that Appellant is the biological parent of either D.K. or W.K. The court found that Appellant was not the biological father of either of the children and ruled that Appellant had no standing to proceed further in this matter. This appeal of the October 17, 2005, orders followed.
*932 ¶ 5 Appellant does not appear to be disputing the factual findings of the trial court, but, rather contests the order denying him standing in the dependency proceedings. Appellant asserts that he cared for D.K. and W.K. for most of their lives, including the time period prior to and when they were adjudicated dependent in 2003. There is nothing in the record to dispute this assertion nor does any party claim that Appellant did not provide care for the children as he claims.[3] In fact, in both petitions for dependency filed by DHS regarding the children, DHS asserted that D.K and W.K. have resided with Appellant since infancy.[4] Appellant further asserts that the court granted him standing to participate in D.K.'s and W.K.'s dependency proceedings from their inception in 2003, and that the court appointed counsel to represent him in the dependency proceedings. Although the record does not contain a specific order granting Appellant standing, the record reveals that present counsel was appointed by the court to represent Appellant on January 15, 2003, at the initiation of juvenile court proceedings for D.K. and W.K., and that Appellant participated in the proceedings.
¶ 6 The trial court determined that the question of whether Appellant has standing in the dependency proceedings is governed by Section 6336.1 of the Juvenile Act entitled "Notice and Hearing", which provides that:
The court shall direct the county agency or juvenile probation department to provide the child's foster parent, preadoptive parent or relative providing care for the child with timely notice of the hearing. The court shall provide the child's foster parent, preadoptive parent or relative providing care for the child the opportunity to be heard at any hearing under this chapter. Unless a foster parent, preadoptive parent or relative providing care for a child has been awarded legal custody pursuant to section 6357 (relating to rights and duties of legal custodian), nothing in this section shall give the foster parent, preadoptive parent or relative providing care for the child legal standing in the matter being heard by the court.
42 Pa.C.S.A. § 6336.1. However, Appellant does not assert standing pursuant to Section 6336.1, but, rather, claims standing based on the assertion that he stands in loco parentis to the children. Moreover, Section 6336.1 does not confer legal standing on anyone. Rather, Section 6336.1 provides that notice of hearings and the opportunity to be heard shall be given to individuals providing care for a child, but expressly states that nothing in this section should be construed as giving said individuals legal standing in the proceedings unless they have been awarded legal custody pursuant to Section 6357. Nothing is this Section precludes an individual from having standing conferred on them *933 pursuant to some other means, including common law principles.
¶ 7 Pennsylvania recognizes the common law doctrine of in loco parentis. "In loco parentis is a legal status and proof of essential facts is required to support a conclusion that such a relationship exists." T.B. v. L.R.M., 567 Pa. 222, 786 A.2d 913, 916 (2001). Our Supreme Court has defined in loco parentis as follows:
The phrase "in loco parentis" refers to a person who puts oneself [sic] in the situation of a lawful parent by assuming the obligations incident to the parental relationship without going through the formality of a legal adoption. The status of in loco parentis embodies two ideas; first, the assumption of a parental status, and, second, the discharge of parental duties. . . . The rights and liabilities arising out of an in loco parentis relationship are, as the words imply, exactly the same as between parent and child.
Peters v. Costello, 586 Pa. 102, 891 A.2d 705, 710 (2005) (citation omitted).
¶ 8 As in loco parentis status provides an individual with the same rights as a parent, it logically follows that an individual standing in loco parentis to a child has the same right to standing as a parent in proceedings pursuant to the Juvenile Act, 42 Pa.C.S.A. § 6301, et seq. with respect to that child.
¶ 9 The trial court determined that as DHS has been granted legal custody of the children based on their adjudication as dependent children, Appellant cannot have standing in the dependency proceedings. The trial court reasoned that Appellant's role regarding the children is that of foster parent, subordinate to DHS and, as such, he lacks standing in matters concerning custody of the children. The court determined that as legal custody has been granted to DHS, Appellant as a prior foster parent cannot now claim rights under the doctrine of in loco parentis. However, this reasoning relies on the erroneous assumption that Appellant's only status with respect to the children was that of a foster parent. The trial court ignores the fact that Appellant, aside from providing foster care to the children after their entry into the juvenile dependency system, had been acting as a parent for the children for most of their lives and, at least, prior to and at the time that they were adjudicated to be dependent children. This reasoning also ignores the fact that Appellant's care of the children was at issue at the dependency proceeding as the children were residing with him at the time that concerns regarding their care came to the attention of DHS. Thus, to characterize Appellant's role as that of merely a foster parent without standing is not correct in light of evidence that he stands in loco parentis to the children. An individual who stands in loco parentis to a child should retain the same right of standing as that of a parent in the proceedings regardless of the fact that legal custody transfers to a third-party child protective agency.
¶ 10 We are guided by this Court's previous decision in In the Interest of L.C., 900 A.2d 378 (Pa.Super.2006). In In the Interest of L.C., a paternal grandmother who had partial custody of her grandson one weekend per month appealed from the order denying her standing to participate in the hearing that adjudicated him a dependent child. In determining who constitutes a party to a hearing to adjudicate dependency, this Court stated as follows:
Under the Juvenile Act, attendance at and participation in dependency proceedings are restricted. Dependency hearings are closed to the general public. 42 Pa.C.S.A. § 6336(d); In re L.J., 456 Pa.Super. 685, 691 A.2d 520, 526 (Pa.Super.1997). Only a "party" has the *934 right to participate, to be heard on his or her own behalf, to introduce evidence, and/or to cross-examine witnesses. 42 Pa.C.S.A. § 6338(a); L.J., supra (stating that a person who is not a party has no right to participate in a dependency proceeding). Although the Juvenile Act does not define "party," case law from this Court has conferred the status of party to a dependency proceeding on three classes of persons: (1) the parents of the juvenile whose dependency status is at issue; (2) the legal custodian of the juvenile whose dependency status is at issue, or (3) the person whose care and control of the juvenile is in question. In re J.P., 2003 PA Super 327, 832 A.2d 492, 496 (Pa.Super.2003); L.J., supra; In re Manuel, 389 Pa.Super. 80, 566 A.2d 626, 628 (Pa.Super.1989); Michael Y., supra. These categories logically stem from the fact that upon an adjudication of dependency, the court has the authority to remove a child from the custody of his or her parents or legal custodian. 42 Pa.C.S.A. §§ 6351. Due process requires that the child's legal caregiver, be it a parent or other custodian, be granted party status in order to be able to participate and present argument in the dependency proceedings. See Brooks-Gall v. Gall, 2003 PA Super 511, 840 A.2d 993, 997-98 (Pa.Super.2003).
In the Interest of L.C., 900 A.2d at 381.
¶ 11 This Court concluded that the grandmother did not have standing to participate in the dependency proceedings as she did not satisfy any of the criteria that defined a party to a hearing to adjudicate dependency; "she was not the parent or the legal custodian of the juvenile whose dependency was at issue; and her care and control of the juvenile were not in question." Id. at 382.
¶ 12 In In Interest of Michael Y., 365 Pa.Super. 488, 530 A.2d 115 (1987), the great-grandmother who had provided care for her fourteen-year-old grandson all of his life sought reconsideration of the juvenile's adjudication of dependency partly on the basis that she was a party to the proceedings and the court erred in proceeding with the dependency hearing without obtaining from her an effective waiver of counsel. This Court held that, although the great-grandmother was not the juvenile's parent, she "merits the status of a party based on either of two considerations: first, that she is the legal custodian of the juvenile; second, that it is her care and control of the juvenile that is in question." Id. at 120.
¶ 13 Further, in In re Manuel, 389 Pa.Super. 80, 566 A.2d 626 (1989), this Court held that the appellants, who had provided care for a juvenile who was adjudicated dependent shortly after her birth, were parties to the proceedings entitled to counsel pursuant to Section 6337 of the Juvenile Act. See 42 Pa.C.S.A. § 6337 (stating that "a party is entitled to representation by legal counsel at all stages of any proceedings under this chapter and if he is without financial resources . . . to have the court provide counsel for him."). This Court found that the appellants, similar to the great-grandmother in In Interest of Michael Y., had cared for the juvenile almost all of her life, were the legal guardians of the juvenile's mother who was unable to care for herself, and most importantly, that the subject of the hearing was the appellants' care and control of the juvenile. This Court concluded that these factors were sufficient to merit party status on the appellants pursuant to Section 6337, even though the facts were distinguishable from In Interest of Michael Y. as the appellants were not the legal custodians of the juvenile.
*935 ¶ 14 Here, although Appellant was not the legal custodian of the children, he stood in loco parentis to the children at the time of their adjudication and his care and control of them was in question at the hearing; accordingly, he qualified as a party to the dependency proceedings. See In re L.J., 456 Pa.Super. 685, 691 A.2d 520, 526 (1997) (stating "[T]he Juvenile Act focuses on the care and control afforded a child, regardless of the status of the provider: natural parent, foster parent, or parent substitute. Although we have declined to define the term party specifically, logically a party is any person who in some way cares for or controls the child in question, or who is alleged to have abused the child."). As a party, Appellant was "entitled to representation by legal counsel at all stages of any proceedings" under the Juvenile Act. 42 Pa.C.S.A. § 6337. We note, the court, in fact, appointed counsel to represent Appellant in the dependency proceedings and several review hearings.
¶ 15 In summary, we find that Appellant had standing to participate in the children's adjudication hearing when removal of the children from his care was at issue and additionally has the right to standing (and legal representation) as a party in loco parentis in the dependency proceedings to seek custody of the children.
¶ 16 Orders vacated. Case remanded. Jurisdiction relinquished.
NOTES
[*] Retired Senior Judge assigned to the Superior Court.
[1] Appellant appealed the orders dated October 17, 2005, in D.K. and W.K.'s juvenile dependency proceedings. This Court subsequently consolidated both cases on appeal.
[2] The trial court indicates that on November 18, 2005, Appellant was ordered to file a statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b) and that Appellant filed a single statement for both cases on December 19, 2005. Our review of the certified record reveals that neither an order for a 1925(b) statement nor a statement is contained therein; neither document's filing is reflected on the docket. Accordingly, the waiver principles of Commonwealth v. Lord, 553 Pa. 415, 719 A.2d 306, 309 (1998), are not present. See Commonwealth v. Preston, 904 A.2d 1, 6 (Pa.Super.2006) (holding that this Court may only consider items contained in the certified record).
[3] The Department of Human Services advised this Court that it does not oppose Appellant's request to be granted standing to participate in the underlying dependency matter and, thus, declined to file a brief for purposes of this appeal.
[4] The DHS petitions also state that following a truancy hearing for the children on January 15, 2003, the court ordered that services through DHS continue to be provided to the family, referring to Appellant and the children, that Appellant be referred for kinship care services, and that DHS file dependency petitions on the children. The petitions further state that the children's mother is not involved in their care and that neither child's father's whereabouts are known to DHS. There is also nothing in the record to contradict the conclusion that Appellant's care and control of the children was at issue at the time of their adjudication of dependency.