**P.T. & K.T., Appellants**

**v.**

**M.H., Appellee.**

Superior Court of Pennsylvania.

Argued March 19, 2008.

Filed July 15, 2008.

Lisa M. Vari, Pittsburgh, for appellants.

Sharon M. Biasca, Pittsburgh, for M.H., appellee.

Mark B. Greenblatt, Pittsburgh, for Allegheny County Children, appellee.

BEFORE: BENDER, BOWES, and TAMILIA, JJ.

OPINION BY BOWES, J.:

¶ 1 Appellants, P.T. and K.T., appeal the order dated April 13, 2007, and entered April 16, 2007, wherein the trial court denied their motion for standing to file a complaint for custody pursuant to 23 Pa. C.S. § 5303 in the Court of Common Pleas of Allegheny County Family Division, but granted standing in an ongoing dependency proceeding in juvenile court. We affirm.

¶ 2 M.H. ("Mother") gave birth to A.H. on August 13, 1998. Mother alleges that A.H. is the product of a sexual assault and that A.H. has no contact with his biological father. The trial court found that Mother cared for A.H. for the first five years of his life, placed A.H. with Appellants, who are Mother's aunt and uncle, for two years, and then reunited with A.H. for approximately two weeks prior to entering Sojourner House, a residential substance abuse rehabilitation facility, in July 2006. See Trial Court Opinion, 6/20/07, at 2. Appellants, however, allege that they first assumed primary parenting responsibilities of A.H. in August 1998, when he was two weeks old, functioned as primary parents until A.H. was three and one-half years old, returned A.H. to Mother for two years, resumed parenting responsibilities when A.H. was five and one-half, and finally returned A.H. to Mother during July 2006. See N.T. Hearing, 4/5/07, 3–4. Nevertheless, the record is clear that Mother was performing her parental duties when she elected to withdraw from Sojourner House in August 2006, leaving A.H. behind.

¶ 3 The Allegheny County Office of Children, Youth and Family ("CYF") first became involved with A.H. during May 2006, while he was in Appellants' custody. Apparently, CYF advised Appellants that they had no legal right to continue to exercise custody of A.H. and that Mother was required to reassume her parental rights. Mother resumed custody on July 19, 2006, and she subsequently abandoned A.H. when she left Sojourner House, ten days later. Mother's desertion triggered dependency proceedings in juvenile court at docket number JV–06–002020 (hereafter "Juvenile Court"). The court appointed Stephanie Bishop, Esquire, as *guardian ad litem*, and on November 22, 2006, Juvenile Court adjudicated A.H. dependent with the goal of reunification with Mother. *Id.* Neither Mother nor Appellants appealed from that adjudication.[1]

¶ 4 Meanwhile, on August 24, 2006, Appellants, acting *pro se*, filed a complaint for custody of A.H. pursuant to 23 Pa.C.S. § 5303 and Pa.R.C.P.1915.3, in the Allegheny County Court of Common Pleas, Family Division, at Docket Number FD 99–003698–001 (Family Division action), a docket originally opened in 1999 to address paternity and support issues relating to A.H.[2] The presiding judge referred the

---

1. During oral argument, it was represented that A.H. had been returned to Mother's custody. However, since the record of the dependency action is not before this Court, we cannot confirm that representation or determine the status of the dependency proceeding.

2. Pa.R.C.P.1915.3 governs the commencement of a custody action. Pursuant to Allegheny County Common Pleas local rule 1915.3(c), a complaint for custody must be filed in the Family Division so that the parties may participate in custody education and mediation courses administered by Generations,

complaint to Juvenile Court so it could be addressed during the dependency proceedings. As noted *supra*, Appellants participated *pro se* in the dependency proceedings. During those proceedings, Juvenile Court considered Appellants' allegation that they stood *in loco parentis* to A.H., and ultimately declined to grant standing. *Id.* at 7–8. However, Juvenile Court did not enter an order formally determining Appellants' status.

¶ 5 Thereafter, following the adjudication of dependency and prior to the first permanency review hearing, Appellants filed another motion in the Family Division action seeking standing to file a second custody complaint. Appellants' seven-page motion requested: (1) standing to file their custody complaint; (2) an award of legal and primary physical custody of A.H.; and (3) dismissal of the dependency proceedings in Juvenile Court. Following argument, the Family Division trial court entered an order on April 16, 2007, dated April 13, 2007, wherein it granted Appellants standing in the dependency proceedings by crossing out the portion of the proposed order that granted standing in the would-be custody matter. It thus effectively denied standing to pursue custody *in loco parentis* in the Family Division action.

¶ 6 This timely appeal followed on May 11, 2007. On May 18, 2007, the Family Division trial court directed Appellants to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellants complied on May 31, 2007. On appeal, Appellants raise the following issues for our review:

1. Whether the [Family Division] trial court erred in denying Appellants' Motion for Standing to file their Complaint for Primary Custody of [A.H.]?
2. Whether the [Family Division] trial court erred in not informing Appellants of their right to counsel and not appointing counsel for Appellants for all proceedings related to their legal status in relation to Child and otherwise when Appellants allege that they were legal custodians and stood *in loco parentis* to Child?

Appellants' brief at 5.

■ ¶ 7 We first address our appellate jurisdiction. Mother and CYF both challenge whether the Family Division trial court's order was an appealable final order under Pa.R.A.P. 341. Mother and CYF discuss the order in the context of the underlying dependency proceeding. Mother asserts, "The April 13, 2007 order does nothing more than oblige [Appellants] to litigate their custody claim as part of the ongoing dependency proceedings." Mother's brief at 7. Similarly, CYF posits, "The order does not dispose of [Appellants'] custody claims, it merely requires [Appellants] to litigate those claims in the dependency proceeding in Juvenile Court." CYF brief at 8.

¶ 8 We disagree with both contentions because each ignores that the order being appealed was not entered in the dependency case. Rather, the order appealed herein was entered in response to Appellants' motion for *in loco parentis* standing to file a custody complaint in the Family Division action. While Appellants did participate in the dependency action, albeit on a limited basis, they never sought to intervene in

---

a program operated by the Allegheny County Family Division. *See* Local Rule 1915.1 *et seq.*; 23 Pa.C.S. § 3901 *et seq.* In addition, Allegheny County requires grandparents and third parties to obtain prior authorization

from a motions court to proceed with the Generations programs. *See* Allegheny County Court Manual Section II, Subsection M (Revised 12/06) and Local Rule 1915.3(e).

those proceedings. Simply stated, the April 13, 2007 order effectively dismissed Appellants' custody complaint, precluded them from litigating their custody claim, and confined Appellants to participation in the dependency proceeding's dispositional stage. As the April 13, 2007 order did, in fact, dispose of Appellants' custody claim filed in the Family Division, we find that the order is final.[3] *Cf. Carpenter v. Carpenter*, 326 Pa.Super. 570, 474 A.2d 1124, 1126 (1984) (since order vacating earlier award of temporary custody and staying custody proceedings on ground that Massachusetts court was already exercising its jurisdiction, the appellant was precluded from litigating the case in Pennsylvania, and order appealed was a final order). Thus, the appeal is proper.

 ¶ 9 We note our scope and standard of review. Appellants' challenge to the propriety of the trial court's order denying their motion for standing to file a custody complaint involves a question of law. Thus, our review is *de novo* and our scope is plenary. *In re B.S.*, 923 A.2d 517 (Pa.Super.2007).

 ¶ 10 Appellants first contend that the Family Division trial court erred in denying their petition for standing to file a custody complaint in the Family Division action, yet that same court recognized their *in-loco-parentis* status by granting them standing in the dependency proceedings. Appellants' reasoning is straightforward. Appellants argue that since only one standard exists to determine a party's *in-loco-parentis* status, and the trial court recognized such status in conferring standing in Juvenile Court, it logically follows that they would have standing to pursue custody in the Family Division. Although

founded on sound deductive reasoning, Appellants' argument discounts the reality of the case at bar, where the custody complaint was filed after Juvenile Court had already adjudicated A.H. dependent.

¶ 11 In denying Appellants' petition for standing to file a custody complaint, the trial court observed that A.H.'s best interest was being served by the dependency proceedings in Juvenile Court and his continued placement under CYF's supervision. Moreover, the trial court accurately noted that Juvenile Court would maintain authority over any custody determination during the permanency period. Since Juvenile Court operated under the identical standard in determining placement and custody issues that Family Division would employ in a custody dispute, which is the child's best interest, the trial court reasoned that a second, simultaneous custody action would be redundant, wasteful, and confusing. Essentially, the Family Division trial court opined that the issue of Appellants' standing to file a custody complaint would not ripen for purpose of a custody dispute with Mother until the dispositional stage of the dependency proceedings actually concluded. *See* Trial Court Opinion, 6/20/07, at 3–5.

¶ 12 Despite the trial court's clear expression of concern surrounding the potentially problematic interplay between the two parallel actions if it had granted Appellants standing in Family Division to seek custody of A.H. during the dispositional stage of dependency proceedings, Appellants failed to acknowledge this issue. Indeed, Appellants did not cite a single case on this point.

¶ 13 In contrast, Mother and CYF cite several cases, which they assert support the proposition that Appellants were con-

**3.** In light of our finding that the April 13, 2007 order was a final order, we do not address Mother's alternative argument that

the order did not satisfy the requirements of a collateral order under Pa.R.A.P. 313.

strained to seek legal custody of A.H. in the context of the dependency proceedings, and were therefore proscribed from filing a complaint for custody independent of those proceedings. While our review of those cases reveals that they are not dispositive of the issue presented herein, we ultimately agree with this proposition.

¶ 14 For example, CYF purports to rely upon our reasoning in *In re F.B.*, 927 A.2d 268 (Pa.Super.2007), and *In re D.K.*, 922 A.2d 929, 935 (Pa.Super.2007), for the proposition that "any legitimate claim a third party has to custody of an allegedly dependent child must be presented in the dependency proceeding, or must await the conclusion of that action." CYF brief at 9–10. Similarly, Mother suggests those cases stand for the proposition that "persons interested in assuming custody of a child who is the subject of dependency proceedings must assert their claims within the context of the dependency proceeding." Mother's brief at 12. We disagree with Mother's characterization of the holdings in those cases.

¶ 15 First, unqualified reliance upon *In re D.K.* is misplaced because that case did not address a Family Division custody complaint. Instead, it involved an individual who sought custody of a child in the context of a dependency matter. In *In re D.K.*, the appellant merely sought standing to participate in the dependency proceedings and to present himself as a placement or reunification resource for the children. *Id.* at 931. Further, in finding that the appellant had standing in the dependency proceeding to pursue custody of the children therein, this Court did not hold that the appellant would have been precluded from filing a complaint for custody independent of those proceedings if he had elected. Indeed, that issue was not before the Court.

¶ 16 Similarly, this Court's holding in *In re F.B.*, which CYF argues is directly on point, would not unilaterally confine Appellants to Juvenile Court. In that case, the maternal grandparents of a child they had cared for prior to the commencement of dependency proceedings filed a petition to intervene in the dependency action and two days later, filed a complaint seeking custody of the child. Following a hearing on the petition to intervene in the dependency action, the court concluded that the grandparents stood *in loco parentis* to the child, and it entered an order dismissing the dependency petition. *Id.* at 270–71. In addressing the custody complaint, the court entered a second order qualifying the grandparents for the Generations custody education and mediation programs, presumably in preparation for a Family Division custody determination. *Id.* The child, through the guardian *ad litem*, appealed both orders, which we consolidated for disposition.

¶ 17 On appeal, this Court first found that the interim custody order was not an appealable final order, pursuant to Pa. R.A.P. 341, because it anticipated further proceedings upon the grandparents' completion of the Generations program. *Id.* at 272. Thus, we did not address any issues relating to the grandparents' standing to file a Family Division custody complaint. Moreover, although this Court ultimately concluded that the trial court had improperly considered the grandparents' alleged *in loco parentis* status in dismissing the dependency petition, we stressed that our decision vis-à-vis the dependency proceeding had no effect on the grandparents' petition for custody. *Id.* at 274. Thus, in contrast to CYF's contention, the Court in *In re F.B.* did not hold that the grandparents had been barred from filing a custody complaint independent of the underlying dependency proceedings. Indeed, as described *supra*, the court expressly ob-

served, "[T]his decision has no effect on [the grandparents'] petition for custody." *Id.* at 274. Thus, we find that Mother's and CYF's reliance upon *In re F.B.* is misplaced.[4]

¶ 18 Nonetheless, upon review of the trial court's opinion and the parties' briefs, and close inspection of relevant case law, we conclude that under the particular circumstances of this case, it would be inappropriate to grant Appellants' standing to file a complaint for custody outside of the continuing dependency proceedings. Essentially, we agree with the trial court's conclusions that permitting Appellants to file a parallel custody action would present an unwarranted waste of judicial resources. Appellants' standing in the dependency proceedings is sufficient to protect their interest in obtaining custody of A.H. Trial Court Opinion, 6/20/07, at 3, 5. Thus, in the absence of case law referencing a clear right to initiate a superseding custody action in Family Division after a child has been adjudicated dependent and while the dependency proceedings are progressing to the dispositional stage, we hold that in this setting, it is not appropriate to pursue custody in the Family Division until the underlying dependency proceeding has concluded. Thus, we affirm the trial court's decision effectively redirecting Appellants to the dispositional stage of the ongoing dependency proceedings.

¶ 19 Appellants' second issue concerns whether Juvenile Court erred by failing to advise them of their statutory right to counsel during the dependency proceedings once they allegedly attained *in loco parentis* status. Appellants also contend that they were entitled to have counsel appointed during those proceedings pursuant to 42 Pa.C.S. § 6337. However, since the dependency proceedings are not before us in this appeal, we do not reach these contentions. *Cf. Karch v. Karch,* 879 A.2d 1272, 1274 (Pa.Super.2005) (right to counsel does not exist in divorce, support, or custody proceedings).

¶ 20 Accordingly, we affirm the Family Division trial court's order denying Appellants standing to file a complaint for custody pursuant to 23 Pa.C.S. § 5301 *et seq.*

¶ 21 Order affirmed.

---

4. Mother and CYF also cite to *In re Manuel,* 389 Pa.Super. 80, 566 A.2d 626 (1989), and *In the Interest of Michael Y.,* 365 Pa.Super. 488, 530 A.2d 115 (1987), for the proposition that Appellants "were **required** to assert their claims to custody ... in the dependency proceedings." CYF brief at 10 (emphasis in original); Mother's brief at 12. Again, neither of these cases pertained to a party's Family Division custody claim. In both cases, the issue before the court was whether the respective parties were advised of their statutory right to counsel during the dispositional stage of the dependency proceedings. Accordingly, these cases are inapposite.