J.W. v. J.R.W. Sr.

*Luke Kelly,* for plaintiff.

*J.R.W. Sr.,* pro se.

*Gina M. Pietosi,* pro se.

*Jan Ira Medoff,* for defendant Bonasorte.

*Licia Iannuzzi,* for Children Youth and Families.

*Amanda Franzen,* guardian ad litem for child.

WECHT, *A.J.,* July 12, 2010—The subject of this custody litigation is J.R.W. (d.o.b. 11-29-06). On July 20, 2009, this court adjudicated J.R.W. dependent pursuant to a petition for dependency filed by the Allegheny County Office of Children, Youth and Families (CYF). J.R.W. was placed with defendant Carolyn Bonasorte (maternal grandmother). At a January 8, 2010 placement review, defendant Gina M. Pietosi (Mother) and defendant J.R.W. Sr. (Father) were granted visitation with J.R.W. Father's visitation was to be supervised by plaintiff J.W. (paternal grandmother).

On April 23, 2010, paternal grandmother sought to intervene in the dependency matter to obtain visitation with J.R.W. This court ordered that paternal grandmother could pursue custody rights. On May 17, 2010, paternal grandmother filed a complaint for custody and obtained an order that scheduled Generations education and mediation.

On June 30, 2010, maternal grandmother presented a motion to strike/preliminary objections to paternal grandmother's custody complaint. Maternal grandmother argued that since J.R.W. was subject to the juvenile court dependency proceeding, the custody litigation should be on hold until the dependency was concluded. Paternal grandmother replied that she had standing to pursue custody notwithstanding that J.R.W. is a dependent child, and that the grandparent standing law indicates that the legislature contemplated that custody and dependency could proceed concurrently.

There are three main issues that must be resolved. First, does paternal grandmother have standing to participate in the dependency proceeding? If so, then she can pursue her rights there and custody litigation need not proceed. Second, if paternal grandmother cannot participate in dependency, does she have standing to proceed in custody? Third, can custody litigation proceed while the child is dependent?

Paternal grandmother would not have standing to participate as a party litigant in the dependency case. The Superior Court has held that a grandparent does not have standing to participate in dependency unless the grandparent has legal or in loco parentis custody or that grandparent's care, custody and control of the child are at issue in the dependency. *In re L.C. II,* 900 A.2d 378, 380 (Pa. Super. 2006). In *L.C. II,* the minor child had lived with the grandmother for 14 years. When the mother resumed primary custody, the grandmother had partial custody rights. *Id.* at 379. When the child was alleged to be dependent, the grandmother sought leave to participate in the dependency proceedings. The trial court denied

the request. *Id.* at 380. The Superior Court affirmed, stating that only parties to a dependency action have the right to participate, and that those parties are limited to the child's parents, the child's legal custodian, and the person whose care and control of the child are in question. *Id.* at 381.

In the instant case, paternal grandmother does not belong in any of these three categories of party. She is not J.R.W.'s parent, she is not the legal custodian of J.R.W., and her care of J.R.W. is not at issue in the dependency. Therefore, paternal grandmother does not have standing and cannot participate in the dependency proceedings.

However, paternal grandmother does have standing to participate in custody proceedings. The Superior Court acknowledged in *L.C. II* that the grandmother did have standing in custody, but recognized that this standing did not extend to dependency. *Id.* at 330. The Pennsylvania Supreme Court has held that 23 Pa.C.S. §5313 confers standing on a grandparent to file a custody complaint after the grandchild has been adjudicated dependent. *R.M. v. Baxter,* 565 Pa. 619, 621, 777 A,2d 446, 447-48 (2001). In the *Baxter* case, the child was adjudicated dependent and placed with foster parents. *Id.* at 621, 777 A.2d at 448. Approximately nine months after the adjudication, the grandmother filed a custody complaint to which the child's guardian ad litem and the agency filed preliminary objections. *Id.* The trial court sustained the preliminary objections, finding that the grandmother did not meet the pleading requirements of 23 Pa.C. §5313(b)(3) (a grandparent "who for 12 months has assumed the

role and responsibilities of the child's parent, . . . or who assumes the responsibility for a child who has been determined to be a dependent child . . ., or who assumes or deems it necessary to assume responsibility for a child who is substantially at risk due to parental abuse, neglect, drug or alcohol abuse or mental illness."). *Id.* at 623, 777 A.2d at 449. The Superior Court reversed, deciding that the dependency adjudication did not preclude the grandmother from pleading that the child was at substantial risk of parental abuse. *Id.* The Supreme Court affirmed, holding that this statute confers automatic standing on a grandparent to seek custody of a dependent child. *Id.* 626, 777 A.2d at 451.

In the instant case, paternal grandmother's custody complaint meets all of the pleading requirements of section 5313(b). Therefore, under *Baxter*, she has standing to pursue custody. The sole difference between *Baxter* and the instant case is that paternal grandmother appears to be seeking only partial custody rights. There may be some question of whether a grandparent seeking only partial custody meets the criteria of "deem[ing] it necessary to assume responsibility for a child who is substantially at risk." However, since paternal grandmother has not stated on the record that she seeks only partial custody and since her custody complaint meets all the requirements of *Baxter*, this court need not reach the issue.

The Superior Court has held that it is inappropriate to allow custody litigation to proceed outside of ongoing dependency proceedings. *P.T. & K.T. v. M.H.*, 953 A.2d 814, 819 (Pa. Super. 2008). In that case, an aunt and uncle filed a custody complaint when their nephew was

taken into CYF custody. *Id.* at 815. The trial court did not grant standing. *Id.* at 816. After the child was adjudicated dependent, but prior to the dispositional stage, the aunt and uncle again sought standing to file for custody. *Id.* The trial court denied standing to file for custody, but granted standing to participate in the dependency proceedings. *Id.* The aunt and uncle appealed the denial of standing in custody. *Id.*[1] The Superior Court noted that the aunt and uncle did not cite any case law that addressed the issue of concurrent custody and dependency proceedings. *Id.* at 817. However, the Superior Court also noted that the cases cited by CYF to support the principle that the aunt and uncle must seek custody through the dependency were also not dispositive of that issue. *Id.*

Instead, the Superior Court concluded that the circumstances of the case made it inappropriate to allow the custody complaint to move forward outside the dependency. *Id.* at 819. The court found it would be a waste of judicial resources to have parallel proceedings, and that the aunt and uncle's standing in dependency was sufficient to protect their interests in custody. *Id.*

In the instant case, paternal grandmother does not have standing in the dependency matter. Her interest in custody cannot be protected except through custody proceedings. This court is concerned about the problems with concurrent proceedings that the Superior Court cited in *P.T.* Therefore, this court will stay paternal grandmother's

---

1. It is interesting to note that no party appealed the grant of standing in dependency to the aunt and uncle. Under the *L.C. II* case, it would appear that they lacked standing. Since the issue was not appealed, the Superior Court did not address it.

custody complaint pending the resolution of the dependency proceedings. Paternal grandmother shall be given notice of all dependency hearings and reviews. Whether visitation with paternal grandmother is in J.R.W.'s best interests will be addressed. In keeping with the best practice initiative of family group decision-making (FGDM) that has been embraced in Pennsylvania, this court intends to assess the appropriateness of FGDM in this case. To date, this court has not yet ordered FGDM due to the high level of acrimony between the families. Should no party call paternal grandmother as a witness at the next review hearing, this court intends to do so.

An order in accordance with this opinion follows.

### ORDER

And now, July 12, 2010, in accordance with the foregoing memorandum, it is hereby ordered, adjudged and decreed that:

(1) Defendant Carolyn Bonasorte's motion to strike/ preliminary objections is denied. Plaintiff J.W.'s complaint for custody is stayed pending further order.

(2) The May 17, 2010 order scheduling Generations education and mediation is vacated.

(3) The review hearing scheduled for August 27, 2010 before the undersigned shall proceed as scheduled. All parties should be prepared to address whether visitation with plaintiff is in the child's best interest,

(4) Plaintiff shall receive notice of all scheduled dependency hearings and reviews in the *In re J.R.W.* case, docketed at 09-1171, JID 83719-A.