J-S07030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: M.D. AND Z.F., MINORS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: B.F. AND A.D. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1523 MDA 2018 |

Appeal from the Dispositional Order Entered August 27, 2018
In the Court of Common Pleas of Schuylkill County Juvenile Division at
No(s):  CP-54-DP-0000200-2018,
CP-54-DP-0000323-2015

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 30, 2019**

B.F. ("Father") and A.D. ("Mother") (collectively "parents") appeal from the August 27, 2018 order adjudicating M.D. (d.o.b. 1/27/08) and Z.F. (d.o.b. 2/16/17) (collectively "children") to be dependent.[1] We conclude that the record does not reflect whether parents properly waived their right to counsel. Therefore, we remand for purposes of a determination of the same by the trial court and retain jurisdiction.

The underlying facts, as noted by the trial court, are as follows:

> [Mother] is the natural mother of both M.D. and Z.F. [Father] is the biological father of Z.F. and currently resides with [Mother], however has no biological relationship with the minor

_____

\*   Retired Senior Judge assigned to the Superior Court.

[1] We note that the trial court, in a subsequent order issued September 24, 2018, once again adjudicated the children to be dependent and removed the children from parents' physical custody.

M.D. M.D.'s father is deceased, and custody of M.D., pursuant to a Carbon County custody order, is vested with [Mother] and her mother, C.K. which orders shared legal and physical custody. The physical custody is to be shared by [Mother] and C.K. on alternate weeks. Essentially [Father] participated in the dependency hearing on behalf of both he and [Mother], and the fillings reviewed by this Court appear to reflect that most of the materials submitted were by [Father]. Although there is no biological relationship which would afford [Father] standing as to issues regarding the minor M.D., no objection was made by the agency, likely because of his living in the same household as [Mother] and having been in that household for several years.

At the August 27, 2018 dependency hearing[,] the agency sought a finding of dependency as to both children. The agency had been involved with M.D. since October of 2015, addressing apparent drug and alcohol use, medical issues, discipline issues, inappropriate caretaking, and inadequate parenting. M.D. and his sister, who is now deceased, were temporarily placed in the care of their maternal grandmother, identified here as C.K., on August 29, 2016[,] following an adjudication hearing in this Court. Following several placement review hearings in which affidavits were admitted into the record outlining the testimony of the agency, and testimony having been taken, the children were returned to [Mother] in January of 2017 with court ordered services. As reflected in prior Dependency Orders the family moved to Carbon County at some point after January of 2017, and the court ordered services in Schuylkill County were vacated on July 17, 2017 with a referral being made to Carbon County Children and Youth. Prior to the current dependency petition related to both children, there was no dependency involvement by the agency with Z.F. The agency had been providing services on a voluntary basis to [parents].

Tr. Ct. Op., 11/13/18, at 2-3.

The dependency petitions here at issue were filed by the Schuylkill County Children and Youth Services ("Agency") on July 16, 2018. The Agency contends that they provided proper notice to parents, including notification regarding their right to counsel. By order of court, the initial adjudicatory

hearing, scheduled for August 6, 2018, was continued until August 13, 2018, specifically for purposes of allowing Father to obtain counsel. **See** Tr. Ct. Order, 8/8/18. However, the August 13 hearing was also continued due to apparent flooding. Ultimately, the trial court conducted an adjudicatory hearing on August 27, 2018, but both Father and Mother were *pro se* with no explanation on the record as to when or how either parent waived the right to counsel. Indeed, the trial court notes that Mother appeared only briefly at the hearing, appeared disoriented, and left the courtroom shortly after the hearing began and never returned.

Our standard of review regarding dependency cases "requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law." *In re: R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010).

The Juvenile Act provides parents with a right to counsel in dependency cases:

> [A] party is entitled to representation by legal counsel at all stages of any proceedings under this chapter and if he is without financial resources or otherwise unable to employ counsel, to have the court provide counsel for him. If a party other than a child appears without counsel the court shall ascertain whether he knows of his right thereto and to be provided with counsel by the court if applicable.

42 Pa.C.S.A. § 6337; **see In the interest of: S.U.**, --- A.3d ---, 2019 WL 763579 at *10 (Pa.Super. 2019) (*en banc)* (Bowes, J., concurring) (stating

that because the right to counsel is statutorily mandated in dependency proceedings, this Court may raise the issue *sua sponte).*

This Court has held that "parents of a child sought to be adjudicated dependent are parties entitled to court-appointed counsel." **In re Michael Y.**, 530 A.2d 115, 120 (Pa.Super. 1987). In addition, Pennsylvania Rule of Juvenile Court Procedure 1152(B) states, "a party may waive the right to counsel if: (1) the waiver is knowingly, intelligently, and voluntarily made; and (2) the court conducts a colloquy with the party on the record." Pa.R.J.C.P. 1152(B); **see In re Michael Y.**, 530 A.2d at 120-21 (remanding for counsel waiver colloquy in dependency proceeding where trial court noted, on the record, that party had right to counsel but did not discuss the ramifications of waiving counsel and party did not respond that she did or did not want counsel).

In the case *sub judice*, it is not discernable from the record whether Mother or Father were properly apprised of that right to counsel, or whether they properly waived that right. Although the trial court did grant Father a continuance to procure counsel, neither Mother nor Father had counsel at the pivotal August 27, 2018 hearing, and there is no mention on the record regarding whether they waived their right to counsel.[2] Therefore, we remand to the trial court with instructions to clarify whether proper procedures were followed regarding the parent's right to counsel.

---

[2] We note that we raise the issue of the parties' statutorily mandated right to counsel *sua sponte*. **See In re S.U.**, 2019 WL 763579 at *10.

Order remanded. Jurisdiction retained.

Judge Olson joins the Memorandum.

Judge Pellegrini files a Dissenting Memorandum.